THOMAS CLOWES, appellant, against JOHN D. DICKENSON
and others, respondents.

A party may appeal from a final decree of chancery, at any time within five
years, though he have accepted the money awarded by the decree.
But the right to appeal may be waived by agreement or stipulation.
Whether the court of errors can try, or cause an issue of fact to be tried by
jury ?   Quere.
Error lies at any time within five years, though the money be paid and ac-
cepted upon the judgment below.   Per SPENCER and COLDEN, senators.
The court of errors, on appeal by one party, cannot reverse or modify a de-
cree on objections raised by the other party.   He should bring a cross ap-
peal and raise the objection in that form.   Per SPENCER, senator.
Whether a plea of accord and satisfaction of a writ of error is good ?   Quere.
Per SPENCER, senator.

ON appeal from the court of chancery.

The final decree was, on the 5th of May, 1821, in favor
of the appellant against the respondents, for certain dama-
ges, interest and costs ; and confirmed on a re-hearing, on
the 5th July in the same year.

The appellant demanded the principal, interest and costs

of the decree, which were paid to him by the several respondents according to their shares, in the course of that and the following year; for which he gave receipts to apply on the decree.

*The appellant lay by till the 3d of July, 1826, when he filed an appeal to this court.

*A. Van Vechten,* for the respondents, moved to dismiss the appeal.

*Tolcott,* (attorney general,) contra, denied that the receipt of the money by the appellant could form any ground of the motion; nor could a delay short of the time allowed by the statute of limitations. If the respondents intended to guard against an appeal, they should have taken a release. They cannot object that their time for appealing has elapsed; and the right therefore not reciprocal. This is their own fault. No means have been taken to lull them into security. Here is not even an agreement to acquiesce. At any rate, the defence should have been pleaded. We say the decree was not so large as our right. That the payment was, in truth, but for part. Suppose an affidavit filed in the supreme court, that a debt had been paid pending suit; they would put the party to plead it. It would be no ground for dismissing the action. The merits are in question. The court must, at least, direct a feigned issue upon the fact. *Potter* v. *Smith,* 14 John. 444.

*Van Vechten,* in reply. The facts alleged having no existence till after the decree, how are they to be inquired into by a jury? This court will not award a feigned issue, at least on a fact not disputed. When they do award an issue, it is by direction to the court below, upon some matter properly before it. If payment and acquiescence have precluded the appeal of the respondents, to correct any error against them, ought it not to have the same effect as to the appellant? The parties should be reciprocally bound. If the whole merits are to be opened, as they should be, the decree may be reversed *in toto.* The appellant should have thought of this, and refused the money.

NEW YORK,
Sept. 1826.
———
Clowes
v.
Dickenson.

*JONES, Chancellor. This is the case of a simple receipt and application of the money to the decree, without any agreement not to prosecute an appeal; and the question is, whether such a voluntary acceptance precludes the right of going on. An appeal within the 5 years allowed by the statute, (1 R. L. 134, s. 9,) is matter of right. Paying the amount of the decree makes no difference. The right may doubtless be waived; and a voluntary agreement not to appeal would probably have that effect. An agreement, at least, is necessary. There is no evidence of such agreement in this case; nor do I see anything against good faith. In *Potter* v. *Smith*, (14 John. 444,) a doubt is expressed, whether even an accord and satisfaction would be a bar to a writ of error; though *Pixlee* v. *Salmon* (2 Day, 242,) decides that it would. Here is no accord and satisfaction, no release of error, no arrangement concerning the right of appeal.

It is not for the respondents now to complain that they have no reciprocal right of appeal. They certainly had a right equally with the appellant, till the lapse of the five years. They might have brought their cross-appeal, even after the appellant's appeal was filed.

I think the motion should be denied.

SPENCER, Senator. A question has been raised on this motion, as to the mode of proceeding in this court, to try a question of fact arising here, after the record has been received from the court below. In a former case,(a) I have intimated the inclination of my mind, that this court can-not send down any such question to be tried by an inferior court. But it is not necessary to decide that point in this case, as it may be otherwise disposed of. The facts upon which the motion is founded are not denied; and there can be no use in having a trial to ascertain facts which are in effect admitted.

*Whether the court of errors have power to try a question of f· .*

The only question, therefore, is, does the fact that a party has voluntarily received the fruits of his decree, *preclude

[*331]

(a) See the next preceding case.

him from appealing, in order to obtain its reversal or modification.

NEW YORK,
Sept. 1826.

The case of *Pixlee* v. *Salmon*, in the court of errors in Connecticut, was where the payment was pleaded as an accord and satisfaction. That is not pretended in the present case. But even as to that case, the supreme court of this state, in *Potter* v. *Smith*, express a doubt whether such a plea would be good. The authorities which have been cited in *Dyett* v. *Pendleton*,(a) go no farther than to show that a release of errors, or an agreement not to prosecute a writ of error, will induce the court to quash the writ. But in this case no such fact is presented. In the absence of any adjudged case, I cannot undertake to introduce an exception into the statute allowing appeals and writs of error, unless there be some strong reason assigned which shows that such exception would be within the meaning of the legislature. I cannot discover any such reason, in the fact that a party accepted what he was entitled to by the judgment of a court, and which would belong to him in any event; for I cannot admit the correctness of the argument of the counsel for the respondents, that this decree may be reversed *in toto*. This court can decide only on the objections taken by the appellant, and in this case as it now stands. The appellant, therefore, can never be compelled to refund the money he has received. A defendant, in a judgment in the supreme court, has five years to bring error, although he might have stayed the collection of the judgment; and a defendant in chancery has the same time for appeal, although he may have been obliged to pay the amount of the decree. It appears to me that these rights should be reciprocal; and as the defendant may bring error or may appeal, notwithstanding he has paid the judgment or decree, I think the plaintiff has the same right, notwithstanding his acceptance of such payment. I am, therefore, of opinion that the motion be denied; but without costs to either party.

Clowes
v.
Dickenson.

Whether a plea of accord and satisfaction of a writ of error in good.

The court of errors can decide only on objections made by the appellant; but cannot reverse or modify a decree on objections by the respondent.

Defendants and plaintiffs have each a right to bring error or appeal from a final decree, at any time within 5 years; and it is no objection that the money has, in the mean time, been paid on the judgment or decree in

*COLDEN, Senator. I concur that this motion must be

[*332]
the court below.

(a) *Ante*, 325.

NEW YORK, denied; but, before we decide, I beg leave to advert to a
Sept. 1826.
case in which it may be necessary for us to try a question
Clowes
v.        of fact by a jury; and I, therefore, think we ought not
Dickenson. hastily to commit ourselves upon that point.  It is not ne-

Whether the cessary, in this case, that we should collectively or indi-
court of errors vidually conclude either way; for here is no dispute about
can cause a
question    of facts.  I find, on examining the books, that, in the course
fact to be tried of a writ of error, issues of fact are many times joined; and
by jury.
that they are always decided by jury.  Now, I should sup-
pose that power must be incidental to this court.  It is
certainly the only constitutional way of determining such a
question.  There is no precedent of a proceeding on this
head, that I find.  A case may be conceived where it will
be necessary to make one.  Suppose a release of errors;
may it not be pleaded, and issue joined; and can we try
such an issue on affidavit?  I apprehend we should find
ourselves obliged to put the case before a jury in some way;
and on a question of fact arising upon appeal, I should sup-
pose we might award an issue, or send the question back
to chancery.  I do not mean to say that I have come to
any fixed conclusion; but I make these remarks to preclude
any inference against the right to try by jury.

As to the merits of this application, I cannot see that
Appeal from there is anything in the lapse of time.  The law has fixed
a final decree
lies at any time the limitation at 5 years.  Either party may prosecute an
within 5 years.
appeal at any time within this period.  He may take the
full indulgence of the law.  As to the effect of payment, I
Payment of a
judgment    or had occasion to express my views in *Dyett* v. *Pendleton*;
decree     does and I feel confirmed, on reflection, that no matter how the
not    preclude
error   or ap- money is paid or collected, this cannot affect the right to
peal.
bring error or appeal.  Every case cited on that occasion,
where the courts have interfered with the writ of error, was
either of express stipulation, or where the proceeding was
most palpably unfounded and vexatious.  Here is no
agreement or stipulation pretended.[1]

Per totam Curiam,

Motion denied.

[1] An appeal lies from a decree in chancery, taken by consent.  *Brewer*
v. *State of Connecticut*, 9 Ohio Rep. 189.

Where the time for appealing depends upon a rule of the appellate court, such court, upon a sufficient excuse shown, may suspend its rule, and allow an appeal, although such appeal was not brought within the time prescribed by the rule for appealing. *Caldwell* v. *Mayor, &c., of Albany*, 9 Paige, 572; Vide 1 Paige, 391.

But where the time for appealing is fixed by statute, and the appeal is not brought within such time, the court is not authorized to extend the time, even upon a good excuse shown; as the lapse of time is an absolute bar to the appeal. Ib. Vide Mart. N. C. Rep. 39; 1 Hump. Tenn. Rep. 60; 1 Paige, 423; 5 Wen. 136; Amer. Chancery Digest, vol. 1, p. 154, Nos. 197, 198.

See Monell's Practice, p. 734, *et seq.*