Cogswell vs. Colley.

## COGSWELL VS. COLLEY.

*Waiver of right to appeal.*

A party being granted a new trial on condition of his paying the costs of the former trial *and of the motion*, the other party, after accepting payment of the *whole* costs, cannot appeal from the order.

APPEAL from the Circuit Court for *Rock* County.

Motion to dismiss the appeal.

*J. B. Cassoday* and *Wm. S. Rockwell*, for the motion.

*I. C. Sloan, contra.*

PAINE, J. This is an appeal from an order granting a new trial. The order was made conditional upon the payment by the defendant to the plaintiff of all the taxed costs of the former trial, and ten dollars as costs of the motion. A motion is made here to dismiss the appeal, upon the ground that before it was taken, the plaintiff's attorney had accepted from the defendant the amount of those costs. We think the motion must be granted. Such acceptance is a waiver of the right to appeal. To sustain an appeal after the party has accepted the money, would be contrary to that principle which prohibits one from claiming under, and at the same time repudiating, any instrument. It would be contrary to the maxim, *qui sentit commodum, sentire debet et onus.* The payment of the money to the one was the condition of granting the favor to the other. Therefore, if the one takes the money, he should be estopped from objecting to the favor. If the plaintiff desired to appeal from the order, he should have accepted no benefit under it. He can do either, but not both, as appears by the following cases: *Radway v. Graham*, 4 Abb., 468; *Lewis v. Irving Fire Ins. Co.*, 15 id., 140, note; *Kelly v. Bloom*, 17

id., 231; *Lupton v. Jewett*, 19 id., 320; *Vail v. Remsen*, 7 Paige, 206; *Bennett v. Van Syckel*, 18 N. Y., 481; *Pulling v. Supervisors, etc.*, 3 Wis., 337; *Pratt v. Page*, 18 id., 332.

We have carefully looked through the authorities relied on against the motion, and they do not change our conclusion. Several of them merely hold that a party who pays a judgment against himself, which he might be compelled to do by execution, does not thereby waive his right of appeal. These we consider wholly inapplicable. The party in such case accepts no benefit whatever, but merely does what the judgment compels. Those most in point in the appellant's favor are *Clowes v. Dickenson*, 8 Cow., 328; *Higbie v. Westlake*, 14 N. Y., 281; and *Benkhard v. Babcock*, 27 How. Pr., 391. The most that those cases hold is, that where a party is entitled to a certain sum of money absolutely under a judgment or decree, he is not, by accepting that money, precluded from prosecuting an appeal which does not involve a reversal of that part of the judgment or decree under which he takes the money. Thus, in the first of those cases, SPENCER, Senator, on page 331, says: "I cannot discover any such reason in the fact that a party accepted what he was entitled to by the judgment of a court, and which would belong to him in any event; for I cannot admit the correctness of the argument of the counsel for the respondents, that this decree may be reversed *in toto*. This court can decide only on the objections taken by the appellant, and in this case as it now stands." This clearly holds that the part of the decree establishing the appellant's right to the money, was not involved in the appeal, and could not be reversed; and it implies that if it was so involved, there would be reason for saying that the party could not have accepted the money and then seek to reverse the decree that gave it to him. The case of *Higbie v. Westlake* was entirely similar in that respect. Creditors

of an estate had appealed from a decree of distribution made by a surrogate, because they objected to certain expenses which had been allowed the administrators. It is probable that the appeal involved only that part of the decree. The court says: " They were certainly entitled to the amount paid them, and there was no inconsistency on their part in receiving that amount, and then appealing for the purpose of obtaining a reduction of the allowance for expeness, which would give them a further dividend." The court in *Benkhard v. Babcock* clearly notices the distinction between this class of cases and those where the different portions of the decree or judgment are so connected as to be dependent upon each other, the one being intended as a compensation for the other. And this case falls within the latter class. For even if we concede that these decisions would be applicable so far as relates to the costs of the former trial, which the appellant already had judgment for, yet they are not applicable to the ten dollars allowed as costs of the motion, and which was clearly a part of the consideration for granting the favor to the defendant. The order appealed from constituted the appellant's only right to that amount, and the reasoning of all these cases fairly implies that where such is the case, the party cannot take the money and at the same time appeal.

And even with respect to the costs of the former trial, it is not clear that these cases are applicable. In those cases the money was paid on the judgment, and so applied. Here it was all paid on the order; and if the order should be reversed, it is difficult to see why the judgment would not be left in full force, unsatisfied in whole or in part. Whether a court might interfere in that case to protect the party against a double payment, it is immaterial to determine. The point is, whether to allow this appeal would, in case of a-reversal of the order, place the defendant in a

position where he would be obliged to take the burden of asking the aid of the court to avoid a double payment. If so, the question presented is different from that involved in any of the cases relied on.

On the whole, we have no doubt that the acceptance of the money was inconsistent with the right to prosecute the appeal, and it must therefore be dismissed.

*By the Court.*—Appeal dismissed.