FLANDERS vs. THE TOWN OF MERRIMAC and another.

APPEAL TO SUPREME COURT: *Conditional order; waiver of right to appeal.*

1. Where a party to an action applies for an order (as for a change of venue), which is granted upon some *condition* (as payment by him of costs), his performance of the condition and acceptance of the benefit of the order is a *waiver* of his right to appeal from that part of it imposing the condition.

2. *It seems* that, if the order should grant the motion *without condition*, but should *further* require the mover to pay costs, he might avail himself of the first part of the order, and still appeal from the second part at least before paying the costs, and possibly after.

APPEAL from the Circuit Court for *Sauk* County.

The cause was submitted for the plaintiff, who was also appellant, on the brief of *James G. Flanders.*

*C. C. Remington,* for the respondent.

TAYLOR, J.   This is an appeal from so much of an order changing the place of trial as required the plaintiff to pay certain costs, amounting to the sum of $27.85, as a condition of granting the order.   The plaintiff excepted to the decision of the court making the order conditional upon the payment of said costs, but paid the same, and then took the order changing the place of trial.

It is insisted by the appellant, that he was entitled to have such order without the payment of any costs.   The application for the change was made at the first term after the cause was at issue, and before any continuance of the action.

If it were necessary to the decision of the appeal, we should be inclined to hold with the appellant, that he was entitled to his order without the payment of costs; but in the view we have taken of the case, it is unnecessary to decide that question.

The appellant paid the costs imposed by the court, and then took the order changing the place of trial.   He does not appeal from the order changing the venue, but proposes to avail himself of the order, and appeals to this court to reverse that part of it which required him to pay such costs.

We think the appellant, by availing himself of the order, has waived his right to appeal to this court from the condition attached to the same, especially after having complied with the condition.

In order to have reviewed the question in this court, as to whether the court had the right to compel the appellant to pay such costs before granting the order (as it appears the court did in this case), he should have refused to pay the same, and then have appealed from the order of the court refusing to grant the order.   Or if the court had made an order conditioned upon the payment of the costs before the place of

trial should be changed, he should have refused to perform the condition, and appealed from the order. In this case, the defendant paid the money as required by the court, and took the benefit of the order granted upon the condition of such payment, and then appeals to this court to get rid of the condition upon which he accepted the order. This we think he cannot do. The case is within the principle of the decision of the case of *Cogswell v. Colley*, 22 Wis., 399, and the cases there cited. It is clearly decided in that case, that the acceptance by the respondent of the costs ordered to be paid by the appellant, would have been a bar to his right to appeal from the order granting the change of place of trial; and it would seem equally clear that the appellant, having taken the benefit of the order conditioned upon the payment of the costs, cannot now appeal and get rid of the condition. As was said in the case above cited: "It would be contrary to the maxim, '*Qui sentit commodum sentire debet et onus.*'" The appellant, having accepted at the hands of the court the order applied for by him, must take it with the burdens imposed. If not satisfied to accept the burdens, he must refuse the benefits. In addition to the cases cited as sustaining the rule laid down in *Cogswell v. Colley*, *supra*, the same rule is sustained in *Ruckman v. Alwood*, 44 Ill., 183; *Holt v. Rees*, 46 id., 181; *Burton v. Brown's Executors*, 22 Gratt. (Va.), 1; and *Glackin v. Zeller*, 52 Barb., 152. We are of the opinion that when a party to an action applies for an order which is granted to him upon the condition of paying costs or doing any other thing, and the party accepts the benefit of the order, and performs the condition, he waives his right to appeal from that part of the order imposing the condition. In this case, had the order to change the place of trial been granted without condition, and had it been further ordered that the appellant should pay the costs imposed, without making the payment conditional to the right to change the place of trial, it is quite probable that the appellant might have reviewed so much of

the order as imposed the payment of such costs, by an appeal from that part of the order imposing the same, especially if he had brought his appeal before paying the same, and possibly after such payment.

*By the Court.* — The appeal is dismissed, with costs.