DAVID CARLL, Respondent, *v.* WHITSON OAKLEY et al., Im-
pleaded, etc., Appellants.

A party accepting a benefit under a judgment is thereby precluded from
appealing from the judgment.

(Argued October 21, 1884; decided October 31, 1884.)

THIS action was brought by a judgment creditor of an insolvent corporation, in behalf of himself and other creditors, against it and its stockholders to wind up its affairs. Judgments were directed against the stockholders for specified amounts, and among them judgment was so directed and entered against the appellants, costs were allowed to their attorney, but the amount was left blank in the judgment as entered. The appellants appealed from the judgment against them; the appeal was withdrawn and thereafter the costs of their attorney were paid to and accepted by him. Subsequently another appeal was brought, which was dismissed by the General Term. This appeal is from the order of dismissal.

The court here say :

" The acceptance by the defendants' attorney of costs in the action after the withdrawal of the first appeal was a good answer to the second appeal. It is true that the amount of costs was not fixed by the judgment of April 21, 1881. But the right of the defendants' attorney to costs was adjudged, and the receiver was directed to pay him the costs and disbursements, 'to be adjusted by the clerk.' The insertion of the amount of the costs in the original judgment was not necessary to entitle the defendants' attorney to demand them. His subsequent acceptance of the costs must be referred to his right under the judgment, and cannot be regarded as a voluntary payment by the receiver, but as a payment in pursuance of the judgment. The affidavits disclose nothing inconsistent with this view of the transaction. It seems to be well settled that a party by accepting a benefit under a judgment precludes himself from subsequently appealing therefrom. (*Bennett* v. *Van Syckel*, 18 N. Y. 481 ; *Radway* v. *Graham*, 4 Abb. Pr. 468.) "

*Benjamin G. Hitchings* for appellants.

*James H. Stanbrough* for respondent.

*Per Curiam mem.* for affirmance.
All concur.
Order affirmed.