Webster-Glover Lumber & Mfg. Co. vs. St. Croix County and another.

417. But that was under a bankrupt act, and the rights of third parties were involved. We must hold that the bank was not a *bona fide* purchaser for value so as to be protected against the infirmity of the note.

*By the Court.*— The judgment of the circuit court is affirmed.

WEBSTER GLOVER LUMBER & MANUFACTURING COMPANY, Respondent, vs. ST. CROIX COUNTY and another, Appellants.

*March 1 — March 27, 1888.*

*Appeal: Waiver: Accepting benefits of judgment.*

In an action against a county to set aside certain taxes and restrain collection thereof, a part of the taxes were held valid, and it was ordered that the plaintiff pay such part into court, and that upon so doing it should have judgment enjoining the collection of the remainder. The plaintiff paid into court the required sum, and judgment was thereupon entered, adjudging the sum so paid to be in full payment, satisfaction, and discharge of all the taxes in question, and enjoining the collection of any further sum. The county procured an order that the money be paid to its treasurer, and it was so paid. *Held,* that by accepting the money the county waved its right to appeal from the judgment.

APPEAL from the Circuit Court for *St. Croix* County.

Action to set aside and have declared void all the state, county, town, school-district, and highway taxes levied upon the plaintiff's land in the town of Emerald, St. Croix county, for the year 1883. The cause was before this court on a former appeal. See 63 Wis. 647.

Upon the second trial the court found that the taxes in question amounted in the aggregate to $2,140.69, and that all of said taxes were valid, except the sum of $314.25 of school and road district taxes, which the court held invalid because the plaintiff's lands upon which the same were

assessed were not legally· embraced in said school and road districts. An order was thereupon entered requiring the plaintiff to pay into court for the use of the defendants the sum of $1,826.44, with interest thereon at twelve per cent. from January 1, 1884, and that upon so doing the plaintiff take judgment perpetually enjoining the collection of said ' sum of $314.25, school and road district taxes. The plaintiff having paid the required sum into court, judgment was entered, in pursuance of the order, adjudging the sum so paid to be in full payment, satisfaction, and discharge of all the taxes levied upon the plaintiff's lands for the year 1883, and enjoining the defendants from collecting the delinquent school-district and highway taxes.assessed on said lands in that year, amounting to $314.25.

The defendant county procured an order that the amount paid into court by the plaintiff be paid over to the county treasurer, and it was so paid, the said treasurer giving his receipt therefor.

The defendants appeal from the order first above mentioned and from the judgment.

For the appellants there were briefs by *R. H. Start* and *L. P. Wetherby*, and oral argument by *Mr. Start*.

For the respondent there was a brief by *H. C. Baker* and *J. B. Smith*, and oral argument by *Mr. Baker*.

COLE, C. J.    From the view which we have taken of this case it is unnecessary to inquire whether the court below was right in holding the school and road district taxes in dispute invalid.    The judgment required the plaintiff to pay into court the sum of $1,826.44, and interest thereon at twelve per cent. from January 1, 1884, and that upon compliance with that condition it should take judgment perpetually enjoining the collection of the district school and road taxes, amounting to $314.25.    The court adjudged that the payment by the plaintiff of the sum specified should be

in full payment, satisfaction, and discharge of all the taxes levied upon its lands for the year 1883. The record shows that the plaintiff complied with this conditional judgment by paying the money into court according to its terms. The record further shows that subsequently, on the application of the defendants, this money was ordered to be paid over to the treasurer of the county, who gave a receipt for the same, which is likewise among the papers in the cause. Now, the question is, Can the defendants, after having applied for and received the money which it was adjudged the plaintiff should pay, appeal from the judgment and have it reviewed?

The appeal is "from the whole and every part of the judgment." The counsel for the plaintiff insists that the defendants, by accepting the money, waived their right to appeal from the judgment. We think this position is correct, and that the appeal must be dismissed. The case comes fully within the principles decided in *Coyswell v. Colley,* 22 Wis. 399; *Flanders v. Merrimac,* 44 Wis. 621; *Bennett v. Van Syckel,* 18 N. Y. 481; *Murphy v. Spaulding,* 46 N. Y. 556; *Carll v. Oakley,* 97 N. Y. 633. These decisions go upon the ground that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor, and appeal from those against him. In other words, that the right to proceed on a judgment and enjoy its fruits, and the right to appeal therefrom, are totally inconsistent positions. The election to pursue one course must be deemed an abandonment of the other. Here the plaintiff paid all the taxes which it was adjudged it should pay as a condition to enjoining those which the court held illegal. The defendants have seen fit to apply for and accept the money thus paid. By complying with the provisions of the judgment, the plaintiff is forever estopped from questioning the legality, either in law or in equity, of the taxes paid. The defendant's contention is

that all the taxes levied upon the plaintiff's lands in 1883 should be held valid in equity. If they desired to appeal from the judgment which held illegal a portion of those taxes, they should not have accepted the money paid into court which was adjudged to be in full satisfaction of all the taxes in controversy. The defendants seek to receive and retain those taxes which the court held valid and just, and to enforce the collection of the taxes which the court held illegal. The provisions of the judgment are connected and dependent. As the defendants have accepted all that is of benefit to them, they should not at the same time ask to have the whole judgment reversed. Such a course is not open to them. The correctness of this view is fully demonstrated by the reasoning in the cases above cited, and we are relieved from any further discussion of the question.

The learned counsel for the defendants says the taxes were ordered to be paid into court for the use of the defendants; that they belonged to the county which was justly entitled to them; and that no condition was annexed to the acceptance of the money by the defendants. It is true the judgment does not provide that if the defendants apply for and accept the money paid into court this shall be a waiver of the right to appeal from the judgment. But the authorities above cited show that the law attaches that consequence to the acts of the defendants; that it will not allow them to enforce a right conferred by the judgment and at the same time prosecute an appeal from it. The acceptance of the money, under the circumstances, must be referred to the defendants' right to it under the judgment, and cannot be considered as a voluntary payment by the plaintiff, but as a payment in pursuance of the judgment. The defendants were not obliged to accept the money. They might have let it remain in court until the litigation was terminated, but they chose to apply for and receive it,

thus indicating, in a most positive manner, a purpose to assert and claim all the benefit the judgment gave them. To sustain the appeal, under the circumstances, would "be contrary to that just principle which forbids one from claiming under, and at the same time repudiating, any instrument." Mr. Justice PAINE, in *Cogswell v. Colley, supra.*

*By the Court.*— The appeal is dismissed.