## MILLER *v.* WRIGHT *et al.*

*(Supreme Court, General Term, Second Department.  May 11, 1891.)*

APPEAL—WAIVER OF RIGHT.

 Where an appellant, after taking his appeal, collects the costs and extra allowance granted him, and consents to payments being made to other claimants under the judgment appealed from, he thereby waives his appeal.

 Appeal from special term, Kings county.

 Action by David Miller against Benjamin Wright and others for partition. There was a judgment for plaintiff, and defendant Wright appeals.

 Argued before BARNARD, P. J., and DYKMAN, J.

 *Taylor & Ferris,* for appellant.  *F. P. Bellamy,* for respondent David Miller.  *I. N. Sievwright,* for respondent Lucy E. Miller.  *Samuel Keeler,* for respondents Ezra W. Miller and others.  *James B. Lockwood,* for the guardian *ad litem.*

 BARNARD, P. J.  There is nothing in the printed case which calls for a reversal of the judgment appealed from.  The case does not contain all the evidence, and so states.  The error is fatal.  *Porter* v. *Smith,* 107 N. Y. 531, 14 N. E. Rep. 446.  The appeal is from the entire judgment, and the points allege error as to one share only,—that of Charles E. Miller.  The complaint of plaintiff alleged title to this share to be in his heirs.  The plaintiff was himself one, and so was Benjamin Wright, the appellant.  Wright's answer set up advances to Charles E. Miller, in his life-time, and while the nominal title in trust was held by him, to the Charles E. Miller, third.  The plaintiff denied this.  The answer of Wright was served on the other heirs of Charles E. Miller, and they made no reply.  The issue thus formed did not admit the advancements to Charles E. Miller.  The plaintiff's reply put the averment in issue for all the parties interested in the share of Charles E. Miller.  What was decided in respect to these advancements by the first report of the referee does not appear.  There was allowed $794, with interest from January 3, 1885, besides commissions out of the general fund.  The evidence returned does not show that any portion of the supposed trust funds were advanced to Charles E. Miller.  As the trust was void after 1871, and these advances were made within two or three years thereafter, the claim is barred by the statute of limitation.  The appellant, by collecting his costs since the appeal, and by consenting that two-thirds of the estate be paid out under the judgment, has waived his appeal.  *Carll* v. *Oakley,* 97 N. Y. 633; *Alexander* v. *Alexander,* 104 N. Y. 643, 10 N. E. Rep. 37.  The general charges against the trust-estate under the deed from Hannah E. Ryerson and the commissions of David Wright were taken out before any distribution.  If these are now increased, there is but the Charles E. Miller share out of which they can be paid.  The appeal should therefore be dismissed, with costs of motion, and judgment affirmed, with costs.