MILLER v. WAY *et al.*

When a party has been granted a right under specific conditions, and the conditions have been complied with, the party acquires a right of which the court cannot deprive him, either by a revocation of the order imposing the conditions or inquiring into matters affecting the merits of the order previous to its being granted. The opposing party, having accepted the conditions, is bound to abide by the results.

(Syllabus by the Court. Opinion filed March 22, 1893.)

Appeal from circuit court, Custer county.

Action by Jacob L. Miller against Alvin S. Way and others. Judgment for plaintiff. Defendants appeal. Motion to strike bill of exceptions from the record. Denied.

No briefs filed.

*Schroeder & Lewis* (*Crawford & Deland* of counsel), for appellants.

*Wood & Buell* (*Horner & Stewart* of counsel), for respondent.

BENNETT, P. J.    The above entitled cause was tried in the circuit court of the seventh judicial circuit of this state, on the 19th day of September, 1890, and judgment rendered and duly entered on that day in favor of the plaintiff, and against the defendants. Notice of the entry of such judgment was duly served on defendants' counsel on the 15th day of October, 1890.    No order of court has ever been made or entered extending or enlarging the time for preparing, serving, and settling a bill of exceptions herein. There was an oral *argument* of counsel to extend the time for settling bill of exceptions and other acts on appeal, providing appeal was completed in time to place it upon the calendar of the April, 1891, term of this court.    No bill of exceptions was ever prepared, tendered, or served by the defendants upon plaintiff's counsel before the April, 1891, term of the supreme court, or before the month of April, and not until the month of December, 1891.    The transcript of the testimony in the court below was not ordered from the official stenographer of said lower court until late in the winter of 1891, more than five months after the trial. On March 10th, 1891, Patton, defendants' senior counsel, came into the office of plaintiff's attorneys, at Rapid City, S. D., and stated that he was then ready to commence at once the preparation of his bill of exceptions herein, and wanted a stipulation extending time, which plaintiff's attorneys refused to give, and stated to said Patton that it was then too late to get in the April, 1891, term of the supreme court, under the rules of that court, and that they had already informed their client that the defendants' time to appeal had expired, and that they (plaintiff's attorneys) could not, under the circumstances, give any further time.    That on May 3, 1891, the said motion for a new trial was regularly brought on for hearing before the Honorable JOHN W. NOWLIN, judge of the seventh circuit, and, after a full argument and hear-

ing, the said motion was denied and overruled.   On August 11, 1891, defendants Way and Stenger agreed that defendants should pay the judgment herein in the early part of November, 1891, and employed C. L. Wood, one of the plaintiff's attorneys, to institute proceedings for the purpose of uncovering property of and compelling defendant Peterson to contribute his share towards the payment of said judgment.   On November 1, 1891, plaintiff's counsel notified the defendants Stenger and Buckingham, by letter, that the judgment must be paid without further delay.   On November 30, 1891, defendants and appellants served notice that they would move the Honorable WILLIAM GARDNER, judge of the seventh judicial circuit of the state of South Dakota, at the time and place fixed in said notice, for an order extending the time to prepare and serve a notice of intention to move for a new trial, motion for a new trial, and bill of exceptions in said cause. Judge GARDNER being disqualified, by his written request the same was transferred for hearing to the Honorable CHARLES M. THOMAS, judge of the eighth judicial circuit of this state, at Deadwood, S. D., and the said motion was heard on December 1, 1891, and the said motion was so far granted as to extend the time to prepare and serve a bill of exceptions, to the granting of which said order the plaintiff, by his attorneys, at the time excepted.

The bill of exceptions herein was settled by Judge THOMAS on the 18th day of January, 1892, to the settlement of which the plaintiff at the time duly excepted, and this is the only bill of exceptions ever proposed or settled herein, and which the plaintiff now asks to have stricken from the record, because:   (1) That neither the Honorable WILLIAM GARDNER, judge of the seventh judicial circuit of said state, nor the Honorable CHARLES M. THOMAS, judge of the eighth judicial circuit of said state, had jurisdiction or authority to revive or extend the time for serving or settling the bill of exceptions.   (2) That more than one year and two months had elapsed since the said cause was tried by the judge of the said seventh judicial circuit, a jury being waived; and at

the time of the settlement of said bill of exceptions it was then too late for the settlement of the same, under the statute. (3) That the grounds and reasons set forth in the defendants' and appellant's application to the Honorable WILLIAM GARDNER, judge of said seventh judicial circuit, and, by his request, transferred to the Honorable CHARLES M. THOMAS, judge of the said eighth judicial circuit, to revive and extend the time within which to prepare and have settled a bill of exceptions in this case, were not sufficient, in either substance or form, to justify the court in granting such application, upon the facts shown on such application and the affidavits of Buckingham, Brown, and Patton in support thereof. (4) The court was not warranted in granting an order reviving the time within which a bill of exceptions might be served and settled. (5) That the defendants and appellants abandoned all right and intention to prepare and serve and settle the bill of exceptions herein, for the reason that the said defendants and appellants made and served upon the plaintiff's attorneys, on the 3d day of May, 1891, a motion for a new trial herein, on the grounds of newly discovered evidence, which said motion for a new trial was brought on for hearing before the Honorable JOHN W. NOWLIN, judge of the said seventh judicial circuit, on the 20th day of July, 1891, and by said judge overruled, and no appeal taken therefrom. (6) That no effort was made to prepare, serve, or settle said bill of exceptions within the time allowed by law, or within a reasonable time after the trial of said cause in the said circuit court. (7) That the said defendants and appellants have been negligent and indifferent and acted in bad faith in preparing, serving, and settling said bill of exceptions. (8) That the statutory time had long since elapsed for the settlement of said bill of exceptions, and good cause was not shown in furtherance of justice to authorize the court to revive or extend such time. (9) The cause shown in said application for an enlargement of time was wholly insufficient to excuse the laches and default of the defendants and appellants in not procuring the

settlement of said bill of exceptions within the period allowed therefor by the statute, or within any reasonable time after the trial of said cause in said circuit court.

The order giving the extension of time was made upon condition "that defendants pay or tender to said attorney for plaintiff, on or before the settlement of said bill of exceptions, all of plaintiff's costs taxed in said action, including statutory attorneys' fees and, in addition thereto, a further sum of $100 to plaintiff's attorney." The defendants complied with the conditions imposed upon them, which were accepted by the plaintiff. This, we think, entitles them to an extension of time in which to prepare and settle a bill of exceptions, and precludes the necessity of considering any questions which might have been raised as to their right for such extension prior to the imposition and acceptance of the terms. When a party has been granted a right under specific conditions, and the conditions have been complied with, the party acquires a right of which the court cannot deprive him, either by a revocation of the order imposing the conditions or inquiring into matters affecting the merits of the order previous to its being granted. The opposing party, having accepted the conditions, is bound to abide by the results. Reiber v. Boos, (Pa. Sup.) 1 Atl. Rep. 422; Van Fliet v. Conrad, 95 Pa. St. 495; Webster-Glover Lumber & Manuf'g Co. v. St. Croix Co., 71 Wis. 317, 36 N. W. Rep. 864; Carll v. Oakley, 97 N. Y. 633. Holding these views, it becomes unnecessary to review the other points raised by the respondent. The motion to strike out the bill of exceptions is denied, and the case will be placed upon the calendar for argument at the April term, 1893.