WIRTH, Respondent, vs. BARTELL, Appellant.

*February 7 — March 5, 1895.*

(1) *Improper joinder of causes of action: Election: Estoppel.* (2) *Taxation of costs: Appeal: Exceptions.*

1. A cause of action on contract and one in tort were improperly joined, and because the trial court refused to require plaintiff to elect between them a judgment in his favor was reversed and the cause remanded for a new trial. The trial court then ordered that plaintiff be allowed to proceed on his cause of action on contract alone, upon payment of the costs up to that time, and such costs were paid accordingly and accepted by defendant. *Held,* that defendant could not thereafter have the action dismissed because of the improper joinder.

Wirth vs. Bartell.

2. Where an appeal from the taxation of costs by the clerk is dismissed by the court, a general exception to its finding and order and the costs does not bring up for review on appeal the ruling on any specific item of costs.

APPEAL from a judgment of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

This action was commenced in justice's court to recover for work, labor, and services performed by the plaintiff for and at the request of the defendant, and for trespass upon the plaintiff's premises. The defense was a general denial and a counterclaim for work, labor, and services.

On March 12, 1890, the defendant recovered judgment for $1.10 damages and $87.42 costs. The plaintiff appealed to the county court, and thereupon the venue was changed to the circuit court. The cause was referred to hear, try, and determine, and on November 17, 1891, the referee found and reported that the plaintiff was entitled to recover as damages $12.50, and costs to be taxed. The report of the referee was confirmed by the circuit court, and judgment entered thereon April 9, 1892, in favor of the plaintiff for $12.50 damages and $178.03 costs and disbursements. On January 31, 1893, that judgment was reversed by this court, "and the cause remanded for a new trial." 84 Wis. 209.

On March 28, 1893, the circuit court made an order allowing the plaintiff " to proceed in the case upon his cause of action on contract, upon payment to the defendant's attorneys within twenty days of the taxable costs and disbursements in said action from the time the case was appealed from the justice;" and upon such costs being taxed by the clerk and retaxed by the court at $74.76 the plaintiff paid the same.

On November 10, 1893, the parties stipulated, in effect, that the plaintiff have judgment for $12.50 damages, if the court should be of opinion that the plaintiff could recover

at all, and submitted the question of the right to recover and of costs to the court upon argument.

On December 20, 1893, the defendant moved to dismiss the action for the improper joinder of causes of action, and upon argument the court overruled the motion.

On January 5, 1894, the court rendered judgment in favor of the plaintiff for $12.50 damages, and full costs and disbursements of the plaintiff in the justice's court, and clerk's fees from June 3, 1893, and $10 attorney's fees, all taxed and allowed by the clerk at $72.96. The defendant appealed from such taxation, and thereafter said appeal was dismissed with $10 costs. Thereupon judgment was entered in favor of the plaintiff for $85.46 damages and costs. From that judgment the defendant appeals.

For the appellant there was a brief by *Phelps & Watson,* and oral argument by *E. W. Phelps.*

For the respondent there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.*

CASSODAY, J. The exception to the refusal to dismiss the action is overruled. The plaintiff paid the defendant $74.76 for the privilege of proceeding in the case upon his cause of action upon contract alone. After accepting that money, the defendant was no longer in a position to question the plaintiff's right to proceed to trial upon that cause of action alone. *Cogswell v. Colley,* 22 Wis. 399; *Flanders v. Merrimac,* 44 Wis. 621; *Webster-Glover L. & M. Co. v. St. Croix Co.* 71 Wis. 317; *Smith v. Coleman,* 77 Wis. 348. There was no ground, therefore, for dismissing the action, especially as it was remanded for a new trial. 84 Wis. 209. It follows that upon the stipulation filed the plaintiff was entitled to judgment for the amount of damages mentioned.

The only remaining question is as to whether the costs allowed were excessive. The only exception preserved in the bill of exceptions upon this appeal, as to the costs, is an

