Cook vs. McComb and others.

---

---

Cook, Appellant, vs. McComb and others, Respondents.

*February 10 — March 1, 1898.*

*Ejectment: Invalid tax title: Rights under tax deeds obtained subsequent to trial: New trial: Estoppel.*

1. Sec. 3087, S. & B. Ann. Stats. (providing in effect that in ejectment, when plaintiff is entitled to recover by reason of the invalidity of any tax deed under which defendant claims title, he shall be required, except in certain cases, as a condition precedent to judgment in his favor, to pay to the defendant "the amount for which

such land was sold, and the costs of executing and recording such tax deed, and the amount paid by the defendant for taxes assessed upon such premises subsequent to said sale, with interest on *all such sums* at the rate of twenty-five per centum per annum from the time so paid until the date of the verdict," subject to setoff), shows a legislative intent to have the judgment conclude all further controversy as to any claim by such defendant on account of any of such taxes. The propriety of allowing a new trial for the purpose of permitting the defendant to set up other tax deeds, based upon certificates of sales for subsequent taxes, where such certificates were held by him at the time of the trial, is therefore questioned.

2. A party is estopped to object to the granting of a new trial by accepting the costs imposed on the other party as a condition of granting it.

APPEAL from a judgment of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

*W. H. Webster,* for the appellant.

For the respondents the cause was submitted on the brief of *E. J. Goodrick.* He contended, *inter alia,* that it was not the duty of the defendants to pay taxes assessed upon the lands before they acquired an interest in them. There was nothing in the way of their taking tax deeds upon certificates of sales for taxes assessed prior to 1887. The first deed being invalid, they were at liberty to take other deeds. *Lybrand v. Haney,* 31 Wis. 230; 1 Blackwell, Tax Titles, §§ 567, 607; Cooley, Taxation (1st ed.), 349, 350; *Oswald v. Wolf,* 129 Ill. 200; *Eaton v. North,* 29 Wis. 75; *Hart v. Smith,* 44 id. 213.

CASSODAY, C. J. This is an action of ejectment to recover four forties of land, commenced by the owner of the original title, April 29, 1889, against the defendants, who answered, claiming title under and by virtue of a tax deed executed and recorded May 14, 1887, upon the tax sale of 1880 for the taxes of 1879. That action was first tried April 17, 1890, and on that trial the court made and filed findings May 2,

1890, to the effect that the tax deed was valid. Subsequently the trial judge, having his attention called to the fact that he had overlooked certain documentary evidence, set aside such findings, and made and filed new findings June 2, 1890, to the effect that said tax deed was null and void on account of errors and defects in the proceedings on which it was based, not going to the validity of the assessment nor affecting the groundwork of the tax, and ordered judgment in favor of the plaintiff on condition that he pay to the defendants $67.87, with interest from June 2, 1890, within ninety days from that date, and, in default thereof, that the defendants have judgment dismissing the complaint, and that, upon payment of such an amount, judgment be entered for the plaintiff in accordance with such findings. Thereupon the defendants petitioned the trial court to set aside such findings, and for leave to file and serve a proposed supplemental answer, and for a new trial of the action. By such proposed supplemental answer the defendants claimed title to the premises, under and by virtue of three tax deeds executed and recorded April 22, 1890,— one on the tax sale of 1883 for the taxes of 1882, another on the tax sale of 1885 for the taxes of 1884, and the other on the tax sale of 1886 for the taxes of 1885.

Upon the hearing of such application, the trial court, June 30, 1890, ordered that such findings be, and the same thereby were, set aside, and a new trial awarded; that the defendants have leave to file their proposed supplemental answer on condition that the defendants pay the plaintiff's costs of action, to be taxed by the clerk, together with $10, costs of such motion. Thereupon the plaintiff accepted such costs, and the parties waived a jury and went to a second trial upon the issues made by the complaint and supplemental answer, April 27, 1891; and a few days thereafter the trial judge orally announced his decision in favor of the plaintiff. Thereupon the papers were delivered to the plaintiff's attor-

Cook vs. McComb and others.

ney to draw such findings. On March 21, 1894, such findings were completed and signed by the judge, and May 12, 1894, the same were modified, so that such findings, in addition to the facts stated, are to the effect that, at the time of the first trial, the defendants were jointly the owners of all of the tax certificates of sale of all of said lands for the several years of 1881 to 1888, inclusive, and that the same included the tax certificates upon which the three tax deeds of April 22, 1890, were issued; that each of the said tax deeds so taken and recorded April 22, 1890, was null and void, on account of the proven errors and defects in the tax proceedings on which they were, respectively, based, not going to the validity of the assessment, nor affecting the groundwork of the tax; that the plaintiff was and is the owner in fee simple, and entitled to the possession, of the premises described, and entitled to judgment. establishing his title and possession, with six cents damages, and for costs, but not until he pays to the defendants $353.25; that upon the payment of that amount, with interest thereon at six per cent. per annum from March 21, 1894, within ninety days from that date, the plaintiff should be entitled to judgment as above determined; but that, in default of such payment within that time, the defendants have judgment therein. From the judgment entered thereon accordingly the plaintiff appeals.

The first trial took place April 17, 1890. The defendants at that time not only held the tax deed of May 14, 1887, issued upon the tax sale of 1880 for the taxes of 1879, but the tax certificates issued upon the sales for the several years of 1881 to 1888, inclusive. Five days after that trial the defendants obtained and recorded the three tax deeds mentioned in the supplemental answer, upon the certificates so held by them for the years 1883, 1885, and 1886. The propriety of allowing a new trial June 30, 1890, to enable the defendants to defend upon such new tax deeds, may well be questioned. The fact that when plaintiff recovers in such

Cook vs. McComb and others.

an action, upon the grounds stated, he is required, as a condition precedent to having judgment in his favor, to pay to the defendants " the amount for which such land was sold, and the costs of executing and recording such tax deed, and the amount paid by the defendant for taxes assessed upon such premises subsequent to said sale, with interest on *all such sums* at the rate of twenty-five per centum per annum from the time so paid until the date of verdict," subject to setoff, etc. (sec. 3087, S. & B. Ann. Stats.), pretty clearly shows a legislative intent to have such judgment conclude all further controversy as to any claim or claims by such defendant on account of any of such taxes. To allow such defendant, when beaten upon one tax deed, to take a new one, or several new ones, upon tax certificates held by him at the time, and then to have a new trial as to the validity of each of the new deeds, would defeat the very object of the statute. Of course, what is thus said has no reference to the absolute right to a new trial in actions of ejectment given by statute. R. S. 1878, sec. 3092.

But, upon the facts stated, the objection is not available to the plaintiff. The new trial was granted upon the express condition that the defendants should pay the plaintiff's costs in the action, together with the costs of the motion. By accepting such costs, the plaintiff is estopped from making any available objection to the granting of such new trial. *Cogswell v. Colley*, 22 Wis. 399; *Flanders v. Merrimac*, 44 Wis. 621; *Webster-Glover L. & Mfg. Co. v. St. Croix Co.* 71 Wis. 319; *Smith v. Coleman*, 77 Wis. 343; *McKinnon v. Wolfenden*, 78 Wis. 237; *Wirth v. Bartell*, 89 Wis. 596.

The findings to the effect that the aggregate amount which the plaintiff was required by sec. 3087, S. & B. Ann. Stats., to pay to the defendants, as a condition precedent to the recovery of possession of the land, was $353.25, seem to be sustained by the evidence. The statute authorized interest at the rate of twenty-five per cent. on the amount for

which the lands were sold at the tax sales, and the cost of executing and recording such tax deeds, as well as the amounts paid by the defendants for subsequent taxes; and those are the only items to which exception is taken.

*By the Court.*— The judgment of the circuit court is affirmed.