FIEDLER, Executor, Respondent, vs. HOWARD, Appellant.
SAME, Appellant, vs. SAME, Respondent.

*April 12 — May 3, 1898.*

*Conveyance to husband and wife: Joint estate: Consideration: Estoppel: Waiver of appeal.*

1. A note and mortgage running to a husband and wife are held by them in joint tenancy, and upon the death of one go to the survivor, and not to the executor of the deceased for the payment of his debts.

2. The release by a wife of her dower and homestead interest in land sold is a good consideration to support an arrangement giving her a joint interest in the price received therefor.

3. A party who is, by a judgment, absolutely entitled to a sum of money does not, by accepting that money, waive or become estopped from prosecuting an appeal which does not involve a reversal of that part of the judgment under which he takes the money.

4. A plaintiff in an action involving rights to a certain fund cannot avail himself of the objection to defendant's appeal therein that the latter has accepted the fruit of the judgment in her favor,

Fiedler vs. Howard.

when he himself has, by objecting to the settlement of a bill of
exceptions by her, compelled her to file a bond securing the dis-
position of the fund as may be determined on the appeal, and has
thus, in effect, secured the fruits of the judgment, and has ap-
pealed.

APPEALS from a judgment of the circuit court for Iowa
county: GEO. CLEMENTSON, Circuit Judge. *Affirmed on
plaintiff's appeal; reversed on that of the defendant.*

In his lifetime, one Henry Howard was the owner of
eighty acres of land, occupied by himself and his wife,
*Catherine Howard*, the defendant, as their home, forty acres
of which was their homestead. Being desirous. of selling
the same, Howard procured a deed to be drawn to one Con-
rad Stude, but his wife refused to sign the same. By the
terms of the sale, Stude was to pay $400 cash, and execute
a mortgage on the premises for $1,500. As a condition of
the defendant executing the said deed, it was agreed be-
tween her and her husband that the mortgage and note to
be executed by Stude should be made payable to her and
her husband. Pursuant to this agreement, the deed was
executed and delivered to Stude, and the note and mortgage
were executed by him to Henry Howard and *Catherine
Howard* as payees. On January 19, 1893, Howard bor-
rowed $200, on a note signed by himself and wife, from one
White; and, as collateral security for the same, they assigned
said note and mortgage to him. On November 19, 1894,
Howard died testate. On January 11, 1895, the defendant
borrowed the sum of $212 from the First National Bank of
Mineral Point, and paid the White note, took an assignment
of said note and mortgage to herself, and made another as-
signment to the bank to secure the payment of the amount
borrowed. Plaintiff was named as executor in Howard's
will, which was duly probated, and he accepted the trust.
The plaintiff, as executor, demanded the note and mortgage
from defendant; but she refused to deliver the same to him,

claiming to be the sole owner thereof. The plaintiff then commenced this action, claiming in his complaint that Howard was the sole owner of the Stude note and mortgage, that the defendant fraudulently and surreptitiously procured her name to be inserted as joint payee therein without the knowledge or consent of Howard, and that she claimed to be the sole owner thereof. The complaint also alleged a demand, and that Howard had no other estate, and died owing various persons, in the aggregate about $600; that defendant had collected $90 interest on said note and mortgage, and threatened to collect the whole amount due thereon, and convert the same to her own use. The answer, after admitting and denying certain allegations of the complaint, sets up the facts substantially as before stated.

The court found, in addition to the facts hereinbefore set forth, that Howard left no estate except his interest in the mortgage and note, and that he left debts unpaid to the amount of several hundred dollars, not yet definitely ascertained; that defendant's name was not fraudulently or surreptitiously inserted in the mortgage and note; and that defendant had collected two years' interest thereon, amounting to $180. As conclusions of law, the court found that, so far as the creditors of Howard were concerned, the note and mortgage, and interest collected thereon, must be held to have belonged one half to each,— Mr. and *Mrs. Howard*,— and that the creditors were entitled to be paid out of the half belonging to Mr. Howard; that plaintiff, as executor, was entitled to the possession of the note and mortgage, and to collect the amount due thereon, and should pay the bank the amount due on the note of *Mrs. Howard*, mentioned, and divide the remainder, taking into consideration the interest collected by defendant, giving her one half, and out of the other half pay the debts of Howard, funeral expenses, and costs of administration, and any amount remaining was to be paid to defendant; that it was not the intention of Mr.

and *Mrs. Howard* that this mortgage fund should be kept together until the death of one of them, so that the other might take it; it constituted a fund upon which they relied for support; that the creditors trusted Howard on the strength of this fund, and are entitled to his share, as though he had realized his part of the mortgage in his lifetime.

Judgment was entered pursuant to these findings. Exceptions to the findings were duly taken, and defendant attempted to settle a bill of exceptions. An order extending the time to settle the bill was made by a court commissioner, and upon a motion to vacate the same, before the court, the court made an order in which he found that, prior to the entry of said judgment, said note and mortgage had been paid in full to said bank, who held the same subject to the direction of the court, and after the entry of judgment had paid the entire amount thereof, except the amount due the bank as specified therein, to the plaintiff; that thereupon plaintiff paid defendant one half of the remainder, $770.77, and retained the other part himself; that defendant was insolvent and irresponsible financially. The court thereupon set aside the order of the court commissioner, and struck out the bill of exceptions proposed by defendant. He further ordered that if, within thirty days, defendant should file a penal bond in the sum of $1,200, conditioned that in case both parties should appeal to the supreme court, and that court should decide that plaintiff was entitled to the whole of said fund, then defendant should pay plaintiff the amount she had received, upon these conditions defendant would be permitted to serve and settle her bill of exceptions. The bond was filed, and the bill thereafter settled.

The plaintiff appealed from that portion of the judgment which limited the plaintiff's right to one half of the mortgage, and from so much as required the plaintiff to pay any portion of the avails of said mortgage to defendant prior to the payment of the debts of Howard, deceased. Defendant appealed from the entire judgment.

Fiedler vs. Howard.

*P. A. Orton,* for the plaintiff, among other things, argued that the defendant could not have the benefits of such provisions of a judgment as were in her favor, and appeal from those against her. *Webster-Glover L. & M. Co. v. St. Croix Co.* 71 Wis. 317; *Hixon v. Oneida Co.* 82 id. 515, 529; *Flanders v. Merrimac,* 44 id. 621; *Cogswell v. Colley,* 22 id. 399; *Carll v. Oakley,* 97 N. Y. 633; *Murphy v. Spalding,* 46 id. 556; *Bennett v. Van Syckel,* 18 id. 481. The defendant had no right in the land sold except that derived from her husband, and that must yield to the rights of his creditors. *Wait v. Bovee,* 35 Mich. 425; Stewart, Husband & W. § 311; *Allen v. Perry,* 56 Wis. 178; *Borst v. Spelman,* 4 N. Y. 284; *Scott v. Simes,* 10 Bosw. 314, 320; *Sanford v. Sanford,* 45 N. Y. 723, 726; *Christ's Hospital v. Budgin,* 2 Vern. 683; 1 Randolf, Comm. Paper, § 325; *Wilder v. Aldrich,* 2 R. I. 518; *Allen v. Tate,* 58 Miss. 585; *Richardson v. Daggett,* 4 Vt. 336; 1 Bright, Husband & W. 32; *Putnam v. Bicknell,* 18 Wis. 334; *Miller v. Aram,* 37 id. 142; *Cummings v. Friedman,* 65 id. 183. There is no analogy between tenancy by the entirety in real estate, and the rights of husband and wife in a security payable to both. 9 Am. & Eng. Ency. of Law, 850.

For the defendant there was a brief by *Spensley & Mc-Ilhon,* and oral argument by *Calvert Spensley.*

BARDEEN, J. The main question arising on this appeal is whether the defendant is entitled to the whole amount of the mortgage given by Stude, or only to one half, as found by the trial court. Counsel for plaintiff concede that, as against the heirs or next of kin of Howard, the wife, as survivor of her husband, is entitled to the mortgage and the proceeds therefrom. But it is said Howard left creditors, and that his estate is insufficient to pay them; that it was the intention of Howard to make a gift to his wife; and that she cannot hold the mortgage so long as there are unpaid creditors. The third finding, which is amply supported by

the evidence, is, substantially, that Howard owned eighty acres of land, forty of which was his homestead. He desired to sell, but his wife refused to sign the deed so as to cut off and bar her dower and homestead interests. It was then agreed that, if she would sign the deed, the note and mortgage to be given by the purchaser for part of the purchase money should be made payable to Howard and his wife jointly. This deal was consummated October 22, 1891, and Howard died November 19, 1894. Upon these facts the court concludes that, so far as the creditors of Howard are concerned, this mortgage belonged *one half* to each — to Mr. and *Mrs. Howard.* We are not referred to any item of evidence or finding of fact that tends even remotely to support this conclusion.

The status of Mr. and *Mrs. Howard* with reference to this mortgage must be determined as of the time of the transaction. Sec. 2068, R. S. 1878, says that "all grants and devises of lands made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." The succeeding section (2069) says, "The preceding section shall not apply to mortgages, nor to devises, or grants made in trust, or made to executors, or to husband and wife." The doctrines of the common law must therefore be applied to this transaction, as it comes clearly within the exception of the statute. The rule that there may be a joint tenancy of personalty is recognized and upheld in *Farr v. Trustees of Grand Lodge A. O. U. W.* 83 Wis. 446, and the right of survivorship is maintained. In *Draper v. Jackson,* 16 Mass. 480, it was decided that a note and mortgage made to husband and wife shall go to the wife, if she survive her husband, and not to the executor of the husband. This was in recognition of the common-law rule that, when an estate is granted to husband and wife, they take by entireties, and not by moieties. *Ketchum v. Wals-*

*worth*, 5 Wis. 95; *Brown v. Baraboo*, 90 Wis. 151. In the matter of real estate, the husband could not incumber or alienate such an estate so as to prevent the wife, and her heirs after his death, from enjoying it discharged from his debts and engagements. He might, as held in *Bennett v. Child*, 19 Wis. 362, alienate his life estate, but could not give title that would be available to his grantee if his wife survived him.

There is no claim in the case at bar that the transaction in question was entered into to defraud creditors. Even were this so, it could not be disturbed under the proof in this case. Forty acres of the land conveyed, and which merged in this mortgage, was the homestead of the parties, and exempt from the claims of all the creditors. There being no proof as to the value of the homestead forty, the court would not be justified in taking any part of this fund to pay creditors. It may well be that the $400 in cash paid by Stude, at the time of the execution of the deed, to Howard, was the full value of the nonexempt forty. At any rate, without proof to show that this mortgage included the purchase price of nonexempt property, the court would have no authority to apply it to the payment of creditors, if it be admitted the creditors might follow it. The transaction was in no sense a gift to the wife. The release by the wife of her dower and homestead interest was a good consideration to support this arrangement. See *Allen v. Perry*, 56 Wis. 178. The conclusion of the trial court, that "it must be presumed that the creditors trusted Howard on the strength of this fund, and they are as much entitled to his share as though he had realized his part of the mortgage in his lifetime," was made under a misapprehension of the law. There was nothing unfair or unjust in the transaction; nor does it appear to have been done with any fraudulent design to secrete his property, or put it beyond the reach of creditors.

It may be doubted if there was any legal proof before the

court that there were any creditors. The only proof on that subject was the production of some unauthenticated bills alleged to have been filed with the county judge. So far as appears, none of these claims were ever allowed by the county court against Howard's estate. The records of the county court were not identified, except by testimony that they were in the handwriting of the county judge. The mere production of a lot of unauthenticated bills is hardly sufficient to sustain a finding that deceased left unpaid debts. So, under the proof in this case, the court plainly erred in holding that the plaintiff was entitled to any portion of this mortgage fund.

It is said, however, that the defendant waived her right of appeal, because she has accepted the provisions of the judgment made for her benefit. If this be true, the facts disclosed by the record would be equally fatal to the plaintiff's appeal. He has, quite as much as the defendant, accepted the fruits of the judgment, and, having come here himself, cannot be heard to question the right of his opponent to appeal. But the plaintiff has done more to estop himself. When the defendant sought to settle the bill of exceptions, plaintiff insisted, and at his request the court ordered, that the defendant, as a condition of permitting service of a bill of exceptions, should file a bond conditioned as set forth in the statement of facts. The filing of this bond, in legal effect, restored the plaintiff to his rights substantially as they stood before he paid any money to defendant. Having demanded the bond as a condition for granting relief to defendant, he cannot appear here in very good grace, and urge the objection noted. He comes fairly within the principle decided in *Cook v. McComb*, 98 Wis. 526, and cases cited, although not within the letter of the decision.

The question of the waiver of the party's right to appeal by acceptance of benefits under an order or judgment has been before this court in a number of cases. *Cogswell v.*

*Colley*, 22 Wis. 399; *Flanders v. Merrimac*, 44 Wis. 621;
*Webster-Glover Lumber & Mfg. Co. v. St. Croix Co.* 71 Wis.
317; *Hixon v. Oneida Co.* 82 Wis. 515; *Laird v. Giffin*, 84
Wis. 286; *Wirth v. Bartell*, 89 Wis. 594. And, because there
has been some little inaccuracy of statement in some of the
cases, it has been thought best that the question be set at
rest. In *Cogswell v. Colley*, Mr. Justice PAINE rightfully
holds that, where a new trial has been granted on condition
that defendant shall pay the costs of the former trial, plaint-
iff cannot accept the costs and then maintain an appeal from
the order. It is based on the idea that a suitor will not be
permitted to assume the inconsistent position of complaining
against the order, and at the same time accepting the fruits
of it. The learned justice, however, recognizes the distinc-
tion which we wish to emphasize; and that is that, where a
party is entitled to a certain sum of money absolutely under
a judgment, he is not, by accepting that money, precluded
from prosecuting an appeal which does not involve a re-
versal of that part of the judgment or decree under which
he takes the money. This we believe to be the true rule,
and in accordance with correct ideas of the law. The effort
of the courts is to prevent parties assuming inconsistent po-
sitions, and "blowing hot and cold" in the same breath.
If the benefit received is dependent upon, or was granted
as a condition of, the order or judgment attacked, clearly
the party ought not to be permitted to carry on his warfare.
But if the conditions of the order or judgment under which
he is granted a favor are independent and separable from
those sought to be overturned, there seems to be nothing in
reason or justice to prevent him from seeking to vindicate
in the appellate court the right denied him in the trial court.
This right was sanctioned in New York in the early case of
*Clowes v. Dickenson*, 8 Cow. 328, and has since been followed
in that state by an unbroken line of decisions. *Benkard v.
Babcock*, 27 How. Pr. 391; *Higbee v. Westlake*, 14 N. Y. 281;

*Farmers' Loan & Trust Co. v. Bankers & Merchants' Tel. Co.*
109 N. Y. 342; *Mellen v. Mellen,* 137 N. Y. 606.

In *Flanders v. Merrimac,* 44 Wis. 621, the plaintiff applied
for a change of venue. The court granted the application
*on condition* that he pay certain costs. He paid the costs,
and took the order changing the place of trial; and TAY-
LOR, J., says, "And it would seem equally clear that the
applicant, having taken the benefit of the order conditioned
upon the payment of costs, cannot now appeal and get rid
of the condition." It will be seen that emphasis is laid upon
the conditional character of the relief granted, and that,
having accepted the order upon the terms imposed, he has
waived his right to appeal. This case is cited to sustain
the decision of this court in *Webster-Glover L. & M. Co. v.
St. Croix Co.* 71 Wis. 317. The action was to set aside cer-
tain taxes. The court found that a part of the taxes were
valid and a part invalid, and entered an order requiring the
plaintiff to pay into court the valid tax, and rendered judg-
ment setting aside the invalid tax. The defendant claimed
that the entire tax was valid. The money paid into court
was paid over to defendant. The defendant then appealed,
and sought to have the judgment reviewed. The decision
was to the effect that, having accepted this money, the de-
fendant was precluded from pursuing its appeal, on the
ground that to allow it to do so would "be contrary to that
just principle which forbids one from claiming under, and
at the same time repudiating, any instrument;" also, citing
the *Cogswell Case.* The judgment of the trial court pro-
vided that the payment by plaintiff of the sum specified
should be in full payment, satisfaction, and discharge of all
taxes upon its lands. Perhaps this decision can be sup-
ported upon the ground that the acceptance of this money
was an acceptance by defendant of the conditions of the
judgment; but, independent of the conditional character of .

the judgment, no good reason is perceived why the defendant might not have received the amount adjudged absolutely to be its due, and still have sought to secure the tax decreed to be void. The provision of the judgment as to the taxes decreed to be valid and those declared invalid were separable and independent, and on the defendant's appeal only those parts of it put in peril were those that related to the invalid tax. It is only when the appellant stands in the attitude of holding the fruits of the judgment to which he may not be entitled if his appeal succeeds that the rule stated applies. *Alexander v. Alexander*, 104 N. Y. 643. In this view, the headnote to *Laird v. Giffin*, 84 Wis. 286, is somewhat misleading. The conditional character of the judgment is noted in the opinion, but not recognized or stated in the syllabus. So what is said in *Hixon v. Oneida Co.* 82 Wis. 515, on page 530 of the opinion, must be read in view of what we have heretofore said on this subject. *Wirth v. Bartell*, 89 Wis. 594, may be consulted with profit, as illustrating the view we have taken.

The application of these principles to the case at bar, independent of the attitude of the parties to each other, as before noted, leads us to the conclusion that the defendant has not waived her right of appeal. So far as her case is concerned, and upon her appeal, she stands in no peril of losing what she has received. Under the judgment rendered, she is entitled absolutely, by independent and separable provisions, to the money she has received. The money paid her was not paid under any circumstances of accord and satisfaction of the judgment, or under any conditions of the judgment that induced the plaintiff to make such payment. The view we have taken renders necessary a reversal of those portions of the judgment giving the plaintiff any right to the mortgage fund. If it be true that plaintiff has collected the mortgage debt, the new judgment should be in such form

as to protect the defendant's interest, and secure payment to her of the entire amount unpaid, less the amount retained by the bank in payment of defendant's note.

*By the Court.*— Those portions of the judgment of the circuit court above alluded to are reversed, and the balance of the judgment is affirmed, and the cause is remanded with directions to enter judgment for the defendant in accordance with this opinion.