# Reiber *versus* Boos et al.

1. When a new trial has been granted to an unsuccessful party, under specific conditions, such party, by complying with the conditions, acquires a right of which the court cannot deprive him by a subsequent revocation of its order.

2. The fact that the commission of a judge expired on the day before he announced a decision on a rule for a new trial, argued some time before, will not invalidate the same; especially as he was accompanied on the bench by two associate judges, who were competent to grant a new trial.

3. The powers and duties of Associate Judges, commented upon by GORDON, J.

October 20th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Butler county:* Of October and November Term 1885, No. 126.

Case, by George Reiber against George Walter, Jacob Boos and G. W. Miller, to recover damages for injuries to plaintiff's mill caused by the backing of water by means of a dam built and maintained by the defendants.

From the record of the case the following facts appeared: The case was tried before BREDIN, J., and two associates, and on February 22d, 1884, resulted in a verdict for defendants. On February 25th, 1884, plaintiff moved for a new trial; this motion was argued on December 31st, 1884, and on the morning of January 5th, 1885, the court, being composed of the same judges that tried the case, ordered a new trial upon certain conditions. The order was in the following form: "1885, January 5th, new trial granted, on plaintiff paying all record costs to date, and one half of the defendants' witnesses'

[Reiber v. Boos.]

bill; the other half to be paid by George Walters. The whole of defendants' bill would have been directed to be paid by Geo. Reiber, but for Geo. Walter's attempt to use political influence in the matter.                               BY THE COURT."

On January 14th, Reiber complied with the condition in the above order. Subsequently, on January 17th, 1885, defendants' counsel took a rule to strike off the orders of January 5th, filing the following reasons:

"1. The order directing George Walter, one of three co-defendants, to pay costs is irregular, invalid and void.

2. "The reason assigned on record for this order to wit: The political action of Geo. Walter during the late election, vitiates the whole action.

3. "The court that made the order was not a legal court, but on the contrary illegal, and had no authority or jurisdiction to act on the 5th day of January, 1885, for the reason that the commission of Judge BREDIN, one of the court, and the one who made and wrote the orders, expired January 4th, 1885, at 12 o'clock P. M.—midnight."

This rule was made absolute on March 19th, 1885, and subsequently, on June 6th, the court directed judgment to be entered on the verdict.

Plaintiff then took this writ, filing the followng specification of error: "A new trial having been granted George Reiber upon January 5th, 1885, upon condition that he pay all record costs to that date and one half of defendants' bill of costs; that order having been complied with by him upon January 14th, 1885, the court below erred in revoking the order granting a new trial, by the order of June 6th, 1885, which order is here quoted, *totidem verbis.*

" 'And now, to wit, June 6th, 1885, on motion of Thompson & Walker, attorneys for defendants, the court refuse to entertain a motion for a new trial in this case and direct judgment be entered on the verdict upon payment of jury fee.' "

*T. C. Campbell,* for plaintiff in error.—The questions involved in this case are: 1st. Was the order of January 5th, 1885, granting George Reiber a new trial, made by a legally constituted court?

2d. Reiber having complied with the terms imposed upon him as a condition precedent when the new trial was granted, by payment of the costs, before any application had been made to revoke the order granting a new trial, could a court differently constituted, divest the rights acquired by him and direct judgment to be entered against him without a rehearing, the law judge never having heard the case?

The court of January 5th, 1885, which granted the new trial,

was composed of Judge BREDIN, acting as law judge, and two associates. Judge BREDIN'S commission as additional law judge ran from the 1st Monday of January, 1875, until the 1st Monday of January, 1885, which fell upon the 5th day.

The argument for the motion for a new trial had taken place on Wednesday, December 31st, 1884, and was held under advisement, when the court adjourned until Monday, January 5th, 1885. The order of January 5th, therefore, simply consisted in writing out and signing the deliberations of the court between December 31st, 1884, and January 5th, 1885. Even, however, if Judge BREDIN'S term had expired before noon, of January 5th, there was still a court of authority upon the bench competent to make the order. Both of the associates had been upon the bench when the trial was had, and they both remained in commission and were upon the bench when the new trial was granted.

The costs having been paid by George Reiber as directed, he acquired a right of which he could not be deprived: Van Vliet *v.* Conrad, 14 Norris, 494.

*John M. Thompson* (*Clarence Walker* and *John M. Thompson's son* with him), for defendants in error.—Judge BREDIN was duly elected and qualified, acted and drew salary, including the first Monday of January, 1875. He could not include also the first Monday of January, 1885, without enlarging his term one whole day. Hence we say that when he made this order he was not judge, and it never was the order of any competent authority. It was without authority and void. The question thus presented is not new—the very point was made and settled by this court: In the matter of the expiration of the commission of Chief Justice LEWIS, 5 Casey, 518.

The case of Van Vliet *v.* Conrad, 14 Norris, 497, is relied on by the plaintiff in error. The case is not in point. By the verdict already entered Geo. Reiber was fixed for all costs. The order released him for a time of part and assumed to make one of three defendants pay the residue "because of his attempt to use political influence." Reiber did nothing; lost nothing by reason of either the order or its revocation. Geo. Walter, one of the defendants, was not only not asking a new trial, but he was vigorously opposing it, and yet Walter is sought to be fined half the costs, of which he was not liable to pay one cent for having his protest disregarded.

The facts show clearly that the order granting a new trial upon mistaken reasons and obscure notions was not made by a legal court nor by a judge under even color of title. It was therefore absolutely void, and the order revoking it in effect for that reason is simply to emphasize and put on record what the

law had long before pronounced. It simply brushes the rubbish from the record and puts nothing in its place. The case, we think, should be allowed to rest.

Mr. Justice GORDON delivered the opinion of the court October 26th, 1885.

From the records, the case now under consideration may be stated as follows: On the 22d of February, 1884, after trial, there was a verdict for the defendants. On the 25th of the same month, a motion for a new trial, on part of the plaintiff, George Reiber, was entertained; this motion was argued on the 31st of December following, and on the 5th of January, 1885, a new trial was granted on the condition that the plaintiff pay all the record costs, and one half of the defendants' bill. On the 14th of the same month, Reiber complied with the condition thus imposed upon him, and so entitled himself to a new trial. Then on the 17th a rule was granted to show cause why the order of the 5th of January should not be revoked, and this rule was made absolute, March 19th, 1885. Finally, on the 6th of June, judgment was entered against Reiber for costs.

Thus stands the record, and according to the case of Van Vliet v. Conrad, 14 Nor., 495, on its face clear error is apparent. We there held, that where a new trial had been granted to the defendant, under specific conditions, and those conditions had been complied with, he had thereby acquired a right of which the court could not deprive him by a subsequent revocation of its order. The case in hand and that cited are in principle identical. A new trial in both cases was ordered subject to certain conditions imposed on the parties at whose instance the rules were entertained, and in both the conditions were fully performed. The defendants' counsel seeks to avoid the force of the authority cited by insisting that, at all events, Reiber would have had the costs to pay, hence, he suffered no detriment by paying them before judgment. The answer is, yes, this is correct if the verdict were allowed to stand; if he did not get a re-trial of his case, or have it reversed by this court on a writ of error; and just so in Van Vliet v. Conrad, Van Vliet, as defendant, would necessarily have had both debt and costs to pay had there been no award of a new trial or reversal in this court. In this, however, is stated the material point of the case: Reiber had a right to a writ of error, and through that writ he might have had a re-trial, and in case of his success in the Common Pleas he would have been entitled to the costs instead of being obliged to pay them. As it was, however, he waived his right to such writ, and paid costs and charges, which, though successful in a second trial, he cannot

[Reiber *v.* Boos.]

recover from the defendants. It thus appears, that the plaintiff not only paid money which he might not have had to pay, but also surrendered a valuable right in consideration of a new trial; hence, on principle, as well as authority, the court had no power to annul its previous action.

Something has been predicated of the fact, that the commission of the additional law judge, by whom the decision of the court was announced, had expired on the day preceding that on which the order was made for the new trial. Granted that this was so, yet there is no doubt but that the court was properly held by the associates. The rule had been argued before all the judges, and certainly there was nothing either improper or unlawful in the enunciation of their opinion either by the associates, or by the former law judge as *amicus curiæ*. It was not a case for a special court, for there was nothing but a decision to announce. Even had the associates alone heard, and made disposition of the rule, there would, according to the case above cited, have been no error.

Neither Kolb's Case, 4 Watts, 154, nor the Glamorgan Iron Company *v.* Snyder, 3 Nor., 397, conflicts with Van Vliet *v.* Conrad. In the one, we refused a mandamus on the associate judges of York county to compel them to proceed to hear and determine a rule for a new trial, which was, under the facts of the case, the subject for a special court; and in the other, we held, that the associates, *in vacation*, could not revoke the order of a law judge, granting a new trial, who had presided over a special court convened for the disposition of the case. I am aware that, in both these cases, a good deal was said which the facts did not warrant, and if the *dicta* therein contained were to be held as law, associate judges would be stripped of most of their constitutional prerogatives, and be reduced to mere confidential advisers of the law judge. In counties where such judges are elected they are necessary constituents of the several courts, and by the 38th sec. of the Act of 1834, a special court cannot be held without at least one of them. Neither does the constitution, nor the Act just mentioned, restrict their powers, or reduce them judicially to a position inferior to that of an associate law judge.

It is true, they ought not, as a rule, to interfere with the presiding judge in the trial of a case, but especially in the granting of new trials, they not only may, but sometimes ought, as a matter of imperative duty, interfere to refuse or grant them as justice seems to require, since in this they may prevent great wrong. For my own part, I cannot see why, when associates are elected as judges, are commissioned as judges, and are required by our constitution and laws to sit in

the courts as judges, they are not to be permitted to act as judges.

But this aside, we have no doubt but that, in the case in hand, the court that ordered the new trial was properly constituted, and, as a consequence, its order of the 5th of January is valid and not open to impeachment.

> The judgment is reversed and a *procedendo* awarded.