## APPEALS OF ALEXANDER GRAY, JR.

APPEALS FROM THE DECREE OF THE ORPHANS' COURT OF
LUZERNE COUNTY.

Argued April 14, 1887—Decided May 2, 1887.

When a debtor in this state of a decedent dying domiciled in another state has voluntarily paid to the foreign executor, he · cannot subsequently when such executor shall have obtained ancillary letters in this state claim as a creditor to have the ancillary accountant surcharged with the debt so paid to him.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

Nos. 26 and 27 July Term 1886, Supt. Ct.

These cases were appeals from the court below by Alexander Gray, Jr., who was administrator *c. t. a.* of the estate of Alexander Gray, Sr., deceased.

In the auditing of the account of said administrator, whose letters were ancillary to letters testamentary upon the estate of the same decedent granted in New Jersey, the Orphans' Court of Luzerne county surcharged the accountant with a certain fund, to wit, $11,624.89. This fund having been thus surcharged, was awarded to said Joseph Brown upon a claim against the estate adjudicated in his favor, against a claim made by the accountant in satisfaction of a debt due to himself.

The "Statement of the Evidence" taken on the audit, which is referred to in the opinion of this court, showed the following facts:—

That Alexander Gray, Sr., died testate on the 6th of April, 1873, leaving him surviving Jane Gray, widow, and children as follows: Jane Gray, John Gray, Maria, wife of S. B. Green; Alexander Gray, Jr.; Margaret, wife of E. W. Carpenter; William Gray, Isabella Gray, James Gray and Benjamin Gray, all residents of the state of New Jersey, and Ann, wife of Joseph Brown, and Elizabeth, wife of D. A. Fell, residing at Wilkes-Barre, Pennsylvania.

That the will was probated in April, 1873, and letters testamentary taken by John Gray and Alexander Gray, Jr., as executors in New Jersey. That in April, 1874, letters of administration were taken in Luzerne county, Pennsylvania.

That the deceased at the time of his death was possessed of the following property, *inter alia*, in Pennsylvania, viz.: The Hutchison mortgage, about $12,000, on property in Luzerne county; Silverbrook colliery; note of Joseph Brown, of Wilkes-Barre, for $10,000 and interest, and $50,000 deposited in the banking house of Brown & Gray, Wilkes-Barre.

The executors filed inventories of the properties of the estate in the Orphans' Court of Middlesex county, New Jersey, in which were included the above named assets of the estate, and these inventories and the appraisements thereof were duly confirmed by the said Orphans' Court. No inventory or appraisement of these items was ever had in Pennsylvania.

In 1873 Joseph Brown paid Alexander Gray, Jr., as executor, the said ten thousand dollar note and the interest thereon, amounting to the sum of $11,624.89, in payments at different times in the following manner: The amount was placed by Joseph Brown on his banking books to the credit of Alexander Gray, Jr., executor, and the note was delivered up and canceled. Alexander Gray, Jr., living at Princeton, New Jersey, drew on this account from time to time by check or draft, depositing the same in his bank at Princeton, New Jersey, to his credit as executor, and the bank collected the check or draft in the ordinary way; the last payment being made 9th November, 1873. These payments by Brown were made voluntarily.

The $50,000 deposit was paid by Joseph Brown voluntarily to John Gray, executor, who accounted for the same in .the Orphans' Court of Middlesex county, New Jersey, and the same was distributed by said court to the parties entitled thereto, including the heirs or legatees living at Wilkes-Barre.

On the 25th of June, 1875, Alexander Gray, Jr., executor, filed his account in the Orphans' Court of Middlesex county, New Jersey, for, *inter alia*, said $11,624.89.

In 1882 some of the heirs in New Jersey, together with Mrs. Fell, of Wilkes-Barre, petitioned the Orphans' Court of Luzerne county, setting forth the receipt, by the said Alexander Gray, of the said sum, and that he had not accounted therefor in the said Luzerne county, and praying for a citation to show cause why he should not be dismissed and also for an injunction. Citation was awarded, but the injunction was withheld. To

this petition Alexander Gray filed his answer, in which he admitted the receipt of said money and claimed his accounting therefor in New Jersey, and setting forth that the Hutchison mortgage was in process of collection. The Hutchison mortgage was collected by process of law in Luzerne county and amounted to $13,306.99, which amount was paid into the First National Bank of Wilkes-Barre, subject to the order of the Orphans' Court, to the credit of Alexander Gray, Jr., administrator, whereupon said Gray filed an account in the register's office of Luzerne county.

After the citation had been served upon him, and before filing this account, Gray, as executor, on the 15th of April, 1882, filed an amended account in the Orphans' Court of Middlesex county, New Jersey, for the purpose of withdrawing this item of his 1875 accounting therein, and the effect of the allowance of which amended account would be the withdrawal of said former accounting.

In 1877 Joseph Brown, former debtor of the estate, filed a bill in equity against the estate of the decedent in Luzerne county, Pennsylvania, and obtained a final judgment thereon in 1885 for about $20,000.

In March, 1882, Jane Gray, widow, Jane Gray, Isabella Gray and Benjamin Gray proceeded in the Orphans' Court of Middlesex county, New Jersey, by petition praying that the letters testamentary granted to Alexander Gray, Jr., be revoked and that in the meanwhile he may be enjoined from acting as executor, and on May 7, 1883, the said court filed a decree of removal. A copy of which said proceedings was filed in the Orphans' Court of Luzerne county, pending the audit, duly certified under the act of Congress.

Alexander Gray appealed from the decrees of the Orphans' Court to the Prerogative Court, which court by decree dated April 7, 1884, affirmed the decrees of the Orphans' Court and ordered the said Alexander Gray to pay over said moneys to. Abram S. Meyrick, administrator, *d. b. n.*, in New Jersey.

Alexander Gray appealed from these decrees to the Court of Errors and Appeals and these decrees were in 1885 affirmed by the said last named court, which decree was certified under the act of Congress and filed in the said Orphans' Court of Luzerne county ; these several courts finding as matters of fact and law that this $11,624.89, " the Brown note item," was

received by Alexander Gray, Jr., executor, in the state of New Jersey, that it was due from Joseph Brown, of Pennsylvania, to the estate on a note, that the amounts were placed by Brown to Gray's credit as executor, who drew it in New Jersey by check or draft, and that it was a fund for distribution in the state of New Jersey and must be distributed there.

From the decrees, first, surcharging him with said fund and, second, awarding the same to said Joseph Brown instead of to himself in satisfaction of the debt due him from the estate, the accountant took these appeals, assigning said decrees as error.

*Mr. J. Vaughan Darling* (with him *Mr. Edmund G. Butler*); for the appellant:

In the first appeal:

1. It has been repeatedly held that a foreign executor may always collect securities if he can do so without being obliged to resort to the domicil of the debtor: Shakespeare v. Fidelity, etc. Co., 97 Penn. St. 173; Williams v. Storrs, 6 Johns. Ch. 357; Parsons v. Lyman, 20 N. Y. 112; Klein v. French, 57 Miss. 667; Welkins v. Elliot, 9 Wall. 740; Hutchins v. State Bank, 12 Md. 421; Trecothick v. Austin, 4 Mass. 33; Merrill v. Ins. Co., 103 Mass. 245; Mackey v. Coxe, 18 How. 104; Stevens v. Gaylord, 11 Mass. 256; and especially in the absence of an ancillary administration: Marcey v. Marcey, 32 Conn. 327. It is now the better opinion that the *situs* of the debt is the creditor's domicil, Whart. Conf. L., 2d. ed., §. 363; Speed v. May, 17 Penn. St. 91; though the executor of the domicil may not sue the debtor in the latter's domicil: Megaw v. Irwin, 87 Penn. St. 139.

As to the claim made by the administrator here, it is difficult to see how that consideration can affect the status of "the note fund." Even supposing the administrator to have desired from some improper reason to withdraw that fund from the New Jersey jurisdiction, in order to set up the claim here which had been denied there, his willingness to bring it here was expressly qualified by his ability to get the permission of the courts of the domicil. And this was refused. Years had elapsed since the accounting there; there had been no creditor in Pennsylvania and there are none now save only the same person who as a debtor of the estate had voluntarily paid his debt in the domicil of the creditor.

In the second appeal:

It is a vital fact in this case that the creditor, Joseph Brown, or A. H. Reynolds, his assignee, did not upon the audit, nor has he at any time since, objected to the allowance of the claim as made by Alexander Gray, Jr.; indeed, Joseph Brown was the most material witness produced by the claimant; the only objection or opposition of record was made by the counsel for some of the heirs, and this objection was made under the plea of *res adjudicata*.   As the records of the courts in which the alleged judgment against the claimant had been entered were only certified in disjointed and separate parts and not as a whole, and not certified under the act of Congress, and even as presented in evidence did not contain nor purport to contain the whole record; in other words, the copies of the records of the New Jersey courts were only parts of those records, we hold that under the law they were inadmissible as evidence in support of the plea and we cite to sustain this position : Susquehanna R. Co. v. Quick, 68 Penn. St. 189; Michener v. Lloyd 1 C. E. Green 38; Hampton v. Speckenagle, 9 S. & R. 212; Christine v. Whitehill, 16 S. & R. 98.   As to the doctrine of retainer under the law of New Jersey: Harris v. Price,— Spencer 483; Dolman v. Cook, 1 McCarty 68.   The court below found that the estate is solvent.

*Mr. Henry W. Palmer* (with whom was *Mr. G. R. Bedford*), for the appellee :

In the first appeal :

1. The proceeds of the Brown note was a Pennsylvania asset, which the executor was legally bound to account for in Pennsylvania.   True it is, that, for some purposes, the *situs* of personal property follows the domicil of the owner; but this rule has never been held to warrant the withdrawal of assets from a jurisdiction in which there are either creditors or distributees: Dent's App., 22 Penn. St. 514.

2. The decree should not be disturbed, because, whether legally bound or not to account in Pennsylvania, nevertheless he has so accounted, the account has been confirmed without exception or appeal, and he himself appeared at the audit as a creditor.

An executor has no right to appeal from an order of distribution : Gallagher's App., 89 Penn. St. 29.

As to the second appeal:

Assuming, what here at least he must concede, that the Brown note is a legitimate part of the fund, (the appellant restricting his claim to the fund from that note,) appellant can claim none of it, because his domicil is the same as that of the decedent, and, therefore, "he cannot make claim to the fund in this jurisdiction, but must resort to that of the domicil": Barry's App., 88 Penn. St. 131.

## GRAY'S APPEAL, NO. 26.

OPINION, MR. JUSTICE TRUNKEY:

Alexander Gray, a resident in the state of New Jersey, died April 6, 1873, testate, and in the same month his will was probated and letters testamentary issued to John Gray and Alexander Gray, Jr. His widow and nearly all his legatees then resided, and now reside, in New Jersey. At the time of his death debts were owing to him by persons living in Pennsylvania, and in April, 1874, ancillary letters of administration were granted to Alexander Gray, Jr., by the register of Luzerne county.

John Brown, a son-in-law of the decedent, was his partner at and before the time of his death, in the banking business at Wilkes-Barre, Pennsylvania. Brown was indebted to the estate on a note to the amount of $11,624.89, which sum he voluntarily paid to the executor in 1873. This money is the subject of the present contention. The sum of $50,000 which was deposited in Brown and Gray's Bank was paid by Brown to the executor, who accounted for the same in New Jersey, where it was distributed by decree of the Orphans' Court to the legatees.

On January 25, 1875, the executor filed his account in New Jersey for said $11,624.89 which Brown had paid before the grant of letters of administration in this state. After the appellant had been cited to file his account, to include said $11,624.89, as executor he applied to the Orphans' Court in New Jersey for leave to withdraw the item for said sum from his account, but it was finally adjudicated that he should account for the same, and on April 7, 1884, by decree, he was ordered to pay over said moneys to Abram S. Meyrick, administrator *d. b. n.* in New Jersey.

This account was filed January 1, 1883, and includes the said $11,624.89, with a statement respecting his accounting therefor in the place of the testator's domicil, his application to the Orphans' Court to amend the account which he expected would be granted, and in that event "he prays the Orphans' Court of Luzerne county, Pennsylvania, to make distribution of said moneys as being realized by him in Pennsylvania as administrator *c. t. a.* in estate of Alexander Gray, deceased." He was disappointed in his expectation and, instead, was ordered to pay over the money to his successor in office.

No fact appears to entitle the legatees to demand distribution of the money, the subject of contention, to be made in Pennsylvania. The executor in the place of the testator's domicil, received the money and he was there bound to account for it, and there the legatees may compel him to perform his duty. It is difficult to see that they have any interest as to that money in citing him to account for it as administrator, here, other than to make him pay it twice for the benefit of the estate.

The real question is whether Brown, a creditor, may demand that the administrator be charged with said money. Brown's relationship to the decedent and to the estate gave him knowledge of the facts at the time he paid the money to the executor. He could not have been compelled to pay it; he might have refused payment, until called upon by an administrator duly qualified in this state; but he could pay it to the executor, and if there were no creditors in Pennsylvania besides himself, nobody had right to complain. On receipt of that money by the executor he was bound to account therefor in the court having jurisdiction of his accounts. There is no merit in Brown's claim now to surcharge the administrator with the money paid by himself to the executor, and he made no attempt to do so till over ten years after the payment.

An executor may collect debts due if paid voluntarily, and remove them to the state of the domicil and there administer them. If a creditor of the estate where the debtor lived lies by without interposing by administration or suit until such assets have been fully administered in the state of the domicil, he waives his rights and cannot afterwards enforce them; Marcey v. Marcey, 32 Conn. 308. If the creditor pays a debt owing by himself, to the executor, the reason is stronger for holding that he waived his right to the money so paid. In

that case when the executor comes into this state and the creditor attempts to compel him to pay that money on his debt, it is a good answer that he has already accounted for it in the proper court of the domicil, and has been ordered to pay it as set forth in the decree.

The auditing judge considered and corrected the account; he did more than to distribute the balance appearing on its face as originally filed. He says that the item of $11,624.89 was accounted for in New Jersey, but was afterwards withdrawn and he reports it as cash applied to his own debt. This is not in accord with the statement in the account; and appellant not only failed to get leave to withdraw, but a final decree was entered against him for the money. Had the administrator omitted this item he would have done better. He preferred to account for the money here if he could withdraw it from the testator's domicil. His apparent object was to bring it here and have it appropriated to himself as a creditor. That he failed to get leave to bring it, and that he could not come in as a creditor had he brought it, do not justify charging him as if he had brought it. The report shows a re-statement of the account, additional charges and credits, and upon proof that this item ought to be omitted because the Orphans' Court of the domicil retained its grasp of the money, the court below should have excluded the $11,624.89 and all the interest thereon.

It may be noted that the "Statement of the Evidence" in the appellant's paper book at the argument was admitted by the counsel for the appellees.

> Decree reversed, and it is now considered and decreed that the items of the account composing the "New Jersey fund" amounting to $16,729.54, be struck from the account, and the distribution thereof set aside; and that the decree as to the remainder of the account and distribution thereof be and remain in force. Appellee to pay the costs. Record remitted.

GRAY'S APPEAL, NO. 27.

Decree affirmed, and appeal dismissed, at costs of the appellant.