## Petition of David Cohen and Morris Levinson for Distiller's License.

*Liquor law—Refusal of license—Review of discretion.*

The reasons for refusing a liquor license need not appear of record. Where no reason is assigned the presumption is that the refusal was based upon sufficient legal grounds.

In the case at bar the following decree is held amply sufficient: " And now, . . . . after full hearing at time fixed by rule of court and upon due consideration, license refused within applicants."

Argued May 17, 1897. Appeal, No. 8, April Term, 1898, by David Cohen and Morris Levinson from order of Q. S. Westmoreland Co., Feb. Term, 1897, No. 59, refusing a distiller's license. Before RICE, P. J., WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Petition for distiller's license. Before DOTY, P. J., and M'CONNELL, J.

The court entered the following decree : " And now, April 17, 1897, after full hearing at time fixed by rule of court and upon due consideration, license refused within applicants." Petitioners appealed.

*Error assigned* was refusal of license.

*Curtis H. Gregg*, with him *T. L. Gartner* and *Sidney J. Potts*, for appellants.—Relied on Acts of May 24, 1887, P. L. 194; June 9, 1891, P. L. 257, and cited Pollard's Petition, 127 Pa. 507, Johnson's License, 156 Pa. 322, and Lauck's Appeal, 2 Pa. Superior Ct. 53.

No appearance for appellee.

OPINION BY WICKHAM, J., July 23, 1897 :

In Com. v. Kerns, 2 Pa. Superior Ct. 59, we held, following the decisions therein cited, that the reasons for refusing a liquor license need not appear of record. Where no reason is assigned, the presumption is that the refusal was based on sufficient legal grounds. In the present case the following decree was made by the court below: " And now, April 7, 1897, after full hearing, at time fixed by rule of court, and upon due consideration, license refused within applicants."

This was amply sufficient, and we must assume that the learned judge of the court below was satisfied of the applicants' unfitness. Whether he based his conclusion on the matters alleged in the letters of remonstrance filed, or on facts known to himself, or obtained from an examination of the applicants, we cannot and need not know. It is enough that the record fails to disclose, that the refusal rested solely on some legally inadequate reason. We do not retry a case like this on the evidence. It may however be remarked, in passing, that if half of what is alleged in the letters of remonstrance appeared to the court below to be true, the applicants were totally unfit to be entrusted with a license.

The special Acts of March 27, 1866, P. L. 332, and April 11, 1866, P. L. 766, cited in behalf of the appellants, do not aid their case.

The order of the court below is affirmed, and the appellants directed to pay the costs of the appeal.