Application of W. F. Sperring, doing business as The
Holloway Bottling Co., for a wholesale liquor license.

*License law—Refusal by lay judges—No reason essential.*

Associate lay judges have the power to make an order refusing a license,
and they are not obliged to file any reasons for their decisions.

*Record imports verity—Not to be impeached by certificate of president
judge.*

The record of the court showed the following order signed by the two
associate judges, "Now, the 27th of December, 1897, license is refused
after due consideration;" *Held*, that the record must be accepted as abso-
lute verity; so long as it remains uncorrected by appropriate proceedings
it cannot be contradicted, overthrown or weakened in its effect by the
mere certificate of the president judge denying its truth.

Argued Feb. 18, 1898.    Appeal, No. 33, Feb. T. 1898, by
W. F. Sperring, from order of Q. S. Clinton Co., Jan. Sess.,
1898, No. 66, refusing wholesale liquor license.    Before
RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and POR-
TER, JJ.    Affirmed.

Application for wholesale liquor license.    Before MAY-
ER, P. J., and HAMILTON and McKINNEY, associate judges.

It appears from the record that a petition and bond of the
Holloway Bottling Company for a wholesale liquor license was
filed in the court of quarter sessions of Clinton County on No-
vember 29, 1897, as of No. 66, January sessions, 1898.    That
the day fixed by the said court for the hearing of liquor licenses
was Monday the 27th day of December, 1897; that on the said
day the court entered the following indorsement on the appli-
cation: "Now, the 27th day of December, 1897, license refused
after due consideration by the court.    W. L. Hamilton, A. J.,
J. Harris McKinney, A. J."

The docket shows the following entries: On January 3, 1898,
a petition praying for a re-consideration was filed.    On Janu-
ary 19, 1898, the record was amended.    On January 20, 1898,
bill of exceptions sealed and made part of the record.

It is alleged in the bill of exceptions that no petition or re-
monstrance against the applicant was filed on the day it was
read; that the court adjourned in the forenoon of the 27th of

December, 1897, to meet on December 30, 1897, at 9 o'clock A. M., and that after the said adjournment of the court on said December 27, 1897, the two associate judges of said court, the court not being in session at the time, marked the application for a license refused by the court and filed said refusal on the same day, when court was not in session.

On January 31, 1898, W. H. Clough entered his appearance for the appellees, whereupon counsel for the applicant moved that the appearance of W. H. Clough be stricken from the record, because, (1) There are no appellees in this case and, therefore, his appearance is for nobody; (2) That his appearance was entered after the court had acted on the 27th of December, whereupon the following orders of the court were entered: "And now, February 10, 1898, the within reasons are well known to the court, no party appeared in court either by petition, remonstrance or exception, or by counsel, objecting to the granting of this license, and the license was refused. The parties now seeking to intervene were not parties to the proceedings at any time up to the refusal of the license, and not until an appeal was taken to the Superior Court. In my opinion the parties now seeking to become appellees cannot do so, as they were not parties in any way to the proceedings, and an attorney cannot appear for them as appellees, and the appearance of W. H. Clough, Esq., for appellees is therefore stricken from the record."

> " By the Court:
> " C. A. MAYER,
> " *President Judge.*"

"And now, February 10, 1898, the statement of the within petition that 'no action was taken by the court upon the additional petition'·being incorrect, and the fact being as follows: that after a full rehearing of the case, the additional petition and all other facts in the case were fully considered and the decree previously rendered sustained by a majority of the court: And it being a fact that both the attorneys at present appearing in the case, viz: W. C. Kress, Esq., and W. H. Clough, Esq., appeared after the refusal of the license on December 27, 1897, we therefore, in the interest of justice and with a desire that both sides of the question involved in this case be fairly

presented to the appellate court, refuse to concur in the above opinion of the president judge, and direct that the name of W. H. Clough, Esq., be not stricken from the record but be allowed to remain thereon.

"By the Court:
"W. L. HAMILTON,
"J HARRIS MCKINNEY.
"Associate Judges.

W. F. Speering, the applicant, appealed.

*Errors assigned* were (1) in refusing to grant a wholesale liquor license to the applicant, W. F. Sperring, doing business as the Holloway Bottling Co., without any reason, and without assigning any reason for said refusal. (2) In refusing to grant applicant's license without having a due regard to the number and character of the petitioners for said license, when there was no objection, petition or remonstrance against it. (3) In refusing to grant applicant's license without a hearing. (4) In the two associates meeting together, in the absence of the president judge, when the court was not in session, refusing the license, and indorsing application " December 27, 1897, license refused after due consideration. By the Court : W. L. Hamilton, A. J., J. Harris McKinney, A. J." (5) In this, that Honorable J. Harris McKinney, one of the associate judges who signed the refusal, and without whose concurrence a decree of refusal could not have been entered, refused to assist in granting a license to any applicant, but was ready to join either of the judges in refusing any and all licenses, and did assist in refusing the only two which were refused, one of which is the applicant in this case. There was, therefore, no exercise of judicial discretion in this case by Honorable J. Harris McKinney, Associate Judge, but the decree was the "mere despotic assertion of arbitrary will by one in power." (6) In declining to reconsider the refusal of said license on a petition of one hundred and fifty of the leading business men of the city of Lock Haven, and in refusing to strike off said refusal and to grant the license, when there was no objection, petition or remonstrance against it.

*W. C. Kress*, with him *H. T. Hall* and *B. F. Geary*, for ap-

pellant.—Under the doctrine laid down in Johnson's License, 166 Pa. 322, and Gross's License, 161 Pa. 344, we think this court should reverse the decree in this case.

A similar action in Kelminski's License, 164 Pa. 231 was reversed on the ground that it was arbitrarily taken by the court below. The duty of the court below to give a hearing in this matter was arbitrarily neglected and refused by it. See Knarr's Petition, 127 Pa. 554; Thomas's Appeal, 169 Pa. 111; Dunlap's License, 171 Pa. 454. Kelminski's License, 164 Pa. 231, decided there must be a hearing upon the application at the time fixed. To the same effect is Donoghue's License, 5 Pa. Superior Ct. 1; Doberneck's License, 1 Pa. Superior Ct. 637.

The power to grant licenses is entrusted to the courts of quarter sessions and not to the judges thereof as individuals when the court is not in session.

The exercise of the judicial discretion of the court is commanded by the statute: Gross's License, 161 Pa. 344.

*W. H. Clough,* for appellees et amicus curiæ cited Cohen's License, 5 Pa. Superior Ct. 224; Donohue's License, 5 Pa. Superior Ct. 9; Doylestown Distillery Co., 6 Pa. Superior Ct. 87.

OPINION BY WICKHAM, J., March 21, 1898:

The record proper in this case shows, that the following order was made and duly entered by the court below, to wit: "Now, the 27th day of December, 1897, license is refused after due consideration.

"W. L. HAMILTON, A. J.

"J. HARRIS McKINNEY, A. J."

It cannot be denied that the associate judges had the power to make this order: Reiber v. Boos, 110 Pa. 594; Leister's App., 20 W. N. C. 224; Branch's License, 164 Pa. 427. Nor were they obliged to file any reasons for their decision: Commonwealth v. Kerns and Brother, 2 Pa. Superior Ct. 59 and cases there cited; Cohen's License, 5 Pa. Superior Ct. 224.

The record as above set forth must be accepted as absolute verity, so long as it remains uncorrected by appropriate proceedings: Rice v. Constein, 89 Pa. 477; Sheip & Co. v. Price,

Page & Co., 3 Pa. Superior Ct. 1. It cannot be contradicted, overthrown, or weakened in its effect by the mere certificate of the president judge denying its truth. Neither do we base anything on the certificate of the associate judges, that a rehearing was had and the application refused a second time. These things are no part of the record, and including them in what are termed the "bill of exceptions" and "additional bill of exceptions" adds nothing to their character or weight.

The order of the court below is affirmed.