# Arthur Ameison, Guardian, Appellant, *v.* National Slavonic Society, a Corporation.

*Decedent's estate—Domicil—Payment of foreign executor.*

When a debtor, in this state, of a decedent dying domiciled in another state, has voluntarily paid to the foreign executor, he cannot subsequently, when such executor shall have obtained ancillary letters in this state, claim as a creditor to have the ancillary accountant surcharged with the debt so paid to him.

*Conflict of laws—Decedent's estate—Guardian and ward—Payment to court of domicil of distributees.*

There being no creditors, legatees or heirs within this state for the purpose of protecting whom the various acts of assembly have been passed, a beneficial association has the right to remit a death benefit to which children of a decedent member are entitled to the orphans' court of Hungary, to which country the minor children have returned, without liability to account to a guardian appointed by the court of the county of the situs of the fund, after such payment so made by the debtor : Gray's Appeal, 116 Pa. 256, followed.

Argued April 13, 1898. Appeal, No. 133, April T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny County, Oct. T., 1897, No. 386, discharging rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before WHITE, P. J.

It appears from the record that John Nadzah, a member of the defendant society died in 1892, leaving three minor children who, under the rules of the society became entitled to a death benefit of $250. For five years no guardian was appointed and no demand made by any person for the money when the mother and children went back to Hungary and finally the defendant company transmitted through the consul money due the minors to be paid under the laws of that country where the minors then resided. Subsequently plaintiff was appointed guardian for two minors and brought suit for the money alleged to be due them under the rules of the association.

The court discharged the rule for judgment. Plaintiff appealed.

*Error assigned* was discharging the rule for judgment.

*John F. Miller*, for appellant.—The court below assumed that the residence of the minors and not the situs of the fund regulated the authority of the courts. This was error: Act of April 25, 1850, P. L. 569, sec. 44; Rice's Est., 9 W. N. C. 255; Colesbury's Est., 1 Phila. 300; Verrier v. Verrier, 7 Phila. 618.

On a parity of reasoning the part payment alleged to have been made to the mother of the minors is no defense: Mulholland's Estate, 154 Pa. 491.

Furthermore the defendant occupies the position of a trustee and having mixed the trust funds with its own, it is liable for interest thereon: Young v. Sons of Progress, 173 Pa. 302.

*Edward B. Vaill*, with him *W. A. Blakeley*, for appellee, relied on Gray's Appeal, 116 Pa. 255.

Opinion by Reeder, J., July 29, 1898:

After the death by reason of which these minor children were entitled under the rule of the defendant corporation to the payment of $250 they returned to Hungary. The defendant after inquiry discovered where the children were residing, and transmitted through the consul of Austro-Hungary the money to the orphans' court in Hungary having jurisdiction of their persons and estate. After their return to Hungary and after the money had been paid by the defendant corporation the plaintiff was appointed guardian by the orphans' court of Allegheny county of these children no longer within the jurisdiction of said court. The plaintiff now seeks to recover from the defendant this same amount a second time. There being no creditors, legatees or heirs within this state, for the purpose of protecting whom the various acts of assembly were passed, there can be no application of any of their provisions to the case now under consideration. This case is ruled by Gray's Appeal, 116 Pa. 256.

Judgment affirmed.