## Pierce's License.

*Liquor laws—Granting license—Associate judges—Occupation of surety.*

Two associate judges unlearned in the law may grant a liquor license notwithstanding the dissent of the president judge.

An application for a retail liquor license is not fatally defective, because it fails to aver that a surety company named as surety was not engaged in the manufacture of spirituous, vinous, malt or brewed liquors.

Argued Oct. 4, 1915.   Appeal, No. 20, April T., 1916, by Emma S. Pierce, from order of Q. S. Forest Co., May Sessions, 1915, No. 2, granting retail liquor license In re Application of Emma S. Pierce for a retail liquor license.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Petition for retail liquor license.

The opinion of the Superior Court states the case.

*Error assigned* was order granting the license.

*T. F. Ritchey* and *A. C. Brown,* for appellants.—The legislature by its express act has provided in detail and in no uncertain words what the applicant for a retail liquor license shall set forth in his petition, and the omission of any of the essential averments renders the petition void and the jurisdiction of the Court of Quarter Sessions does not attach, and the court has no authority to act: Forst's License, 208 Pa. 578; Crawford's License, 33 Pa. Superior Ct. 338.

The associate judges have no power to act against the will of the president judge: Com., ex rel., v. Lenhart, 241 Pa. 129; Syracuse Pit Hotel Oil Co. v. Carothers, 63 Pa. 379; Glamorgan Iron Co. v. Snyder, 84 Pa. 397.

*M. A. Carringer,* for appellee.—The action of the associate judges in granting the liquor license must be considered to be the action of the court: Branch's License, 164 Pa. 427; Speering's License, 7 Pa. Superior Ct. 131.

The petition was sufficient: English's Application, 59 Pa. Superior Ct. 621; Fourney's License, 28 Pa. Superior Ct. 71; Perkins v. Philadelphia, 156 Pa. 554; Matthew's License, 213 Pa. 269.

OPINION BY RICE, J., November 15, 1915:

On the back of the petition for license appears the following: "Now April 28, 1915, after hearing the surety on the within bond is approved and the license as prayed for is granted." This was signed by the two associate judges but not by the president judge and was entered in the docket as the final order of the court. The president judge filed a separate paper which reads as follows: "The petition does not contain an averment as to the applicant or the surety that they are 'not engaged

in the manufacture of spirituous, vinous, malt or brewed liquors.' I am of the opinion that the omission of this clause renders the petition void and that the court is therefore without jurisdiction." It is argued that in view of this expression of opinion by the president judge the associate judges "had no power and authority in law to grant the license and the decree is void." We cannot assent to this view. Being members of the court they had a right not only to hear and advise but to decide. Without going into an extended discussion of the power and authority of associate judges in all classes of cases it seems sufficient to say that they have power to grant or refuse a liquor license notwithstanding the dissent of the president judge. Branch's License, 164 Pa. 427; Sperring's License, 7 Pa. Superior Ct. 131; Leister's Application, 20 W. N. C. 224. In the first cited case the Supreme Court said: "In this case a majority of the judges of the court below granted the license in question, and their action must be considered as the action of the court. The president judge dissented from the decision of the associates, as was his undoubted right, but that circumstance does not affect the validity of their action nor its binding effect." In view of this authoritative declaration upon the precise question it does not seem necessary to discuss cases arising under proceedings of an entirely different nature.

The ninth paragraph of the application for license reads as follows: "That the United Fidelity & Guaranty Company, of Baltimore, Maryland, a corporation organized and existing under the laws of the State of Maryland, duly authorized to do business within this Commonwealth, and within the County of Forest, will be the surety on the bond required by law." The second question presented for decision here is whether the application was fatally defective because it did not state that the surety was not engaged in the manufacture of spirituous, vinous, malt or brewed liquors. The question turns upon the construction of the language of the

statute relative to what must be set forth in the ninth paragraph of the petition. By the Act of May 13, 1887, P. L. 108, the requirement was: "The names of no less than two reputable freeholders of the ward or township where the liquor is to be sold, who will be his, her, or their sureties on the bond, which is required, and a statement that each of said sureties is a bona fide owner of real estate in the said county worth over and above all encumbrances the sum of two thousand dollars, and that it would sell for that much at public sale, and that he is not engaged in the manufacture of spirituous, vinous, malt or brewed liquors." By the Act of May 4, 1893, P. L. 30, the section was amended by substituting the words "of the county" for the words "of the ward or township," and by the Act of April 24, 1901, P. L. 102, it was further amended by adding a provision authorizing the applicant to offer as surety a security, trust or surety company. But neither of these amendments made any change in the provision relating to the averment as to being engaged in the manufacture of liquors expressed in the words "that he is not engaged in the manufacture of spirituous, vinous, malt or brewed liquors." In the recent cases of English's License, 59 Pa. Superior Ct. 621, and Keim's License, 59 Pa. Superior Ct. 631, we held after deliberate consideration that these words relate grammatically to the preceding words "each of said sureties"—that is, the two reputable freeholders—and not to the applicant and that there is nothing in the context or in the subject matter to warrant a departure from that construction. Obviously, these words are inappropriate as applied to a surety, security or trust company. This would not be conclusive of the question if the legislative intent that they should apply were otherwise apparent. But we discover no such intent. On the contrary, it is fair to assume that the legislature omitted to amend the form of expression not through inadvertence but intentionally and because the nature and objects of such company were deemed by the legislature a sufficient safe-

guard against its being engaged in the manufacture of liquors. It follows that the petition was not defective in omitting an averment that the company offered as surety in this case was not engaged in the manufacture, &c., of liquors.

The assignments of error are overruled, and the order of the court is affirmed.