# Murray's Petition.

*Practice, C. P.—Associate judges—Power to overrule president judge—Questions of law and fact—School directors—Contracts exceeding $300—Notice—Competitive bids—Neglect of duty—Removal—Discretion—Judgment—Fraction of day — Appeal — Certiorari—Act of May 18, 1911, P. L. 309.*

1. The associate lay judges constitute a majority of the court and may decide a case heard before the three judges against the opinion and dissent of the president judge wherever it depends upon questions of fact.

2. Associate lay judges cannot overrule the president judge on a question of law.

3. The president judge cannot forestall the action of a majority of the court by filing his opinion first. If he attempts so to do, and, on the same day, the associate lay judges file a decision contrary to that of the president judge, the decision of the lay judges is the decision of the court.

4. In proceedings under Section 217 of the School Code of May 18, 1911, P. L. 309, for the removal of school directors for neglect of official duty, where the case was heard before a president judge and two associate lay judges, and the evidence was conflicting as to whether Section 617 of the said act requiring contracts involving expenditures in excess of $300 to be let after public notice and competitive bidding was violated (the case turned on whether the evidence showed there were two contracts honestly made or only one), the decision of the lay judges filed after the decision of the president judge, but on the same day and contrary to the decision of the president judge, was the decision of the court.

5. On appeal to the Supreme Court from the decision of the court below, rendered in such case, the Supreme Court inspects the record as on certiorari, and can only examine the testimony to ascertain whether the court below had jurisdiction, and whether or not it abused its legal discretion, and if the record discloses no error in these particulars the judgment will be affirmed.

Argued May 28, 1918.   Appeal, No. 256, Jan. T., 1917, by William J. Fennessey, Hiram W. Watson and Anthony Mohan, from order of C. P. Columbia Co., Sept. T., 1917, No. 1, removing school directors for neglect of duty, in case of Petition of John R. Murray et al. for the

1918.]        Statement of Facts—Opinion of the Court.

removal of the Board of School Directors of the School District of Conyngham Township, Columbia County. Before BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Proceeding for the removal of school directors under Section 217 of the School Code of May 18, 1911, P. L. 309.   Before EVANS, P. J., HAUCK, A. J., and RHODES, A. J.

The opinion of the Supreme Court states the facts.

The court removed the school directors, including William J. Fennessey, Hiram W. Watson and Anthony Mohan, appellants, from office.

*Error assigned* was the order of the court.

*Fred Ikeler,* for appellants.

*M. A. Kilker,* with him *W. S. Sharpless,* for appellees.

OPINION BY MR. JUSTICE WALLING, July 17, 1918:

This is a proceeding under Section 217 of the Act of May 18, 1911, P. L. 309, for the removal of school directors for neglect of official duty.   On May 15, 1917, respondents, as school directors of Conyngham Township, Columbia County, contracted with J. M. Walker for the purchase of two stoves at $218 each, for heating the two rooms of the Wilburton school building, without public notice or competitive bids as required by Section 617 of said act (P. L. 350) ; for which their removal from office was duly petitioned for in the court below.   Answers were filed and testimony taken.   A violation of said Section 617 is cause for the removal of school directors : Summit Hill School Directors, 258 Pa. 575.   The present case turned on whether the purchase of the stoves constituted one or two transactions.   The evidence was conflicting; that for respondents (appellants) was to the effect that the one stove was ordered and contract therefor ex-

ecuted, and later, at the suggestion of the supervising principal, the second stove was ordered and another contract executed as an entirely separate transaction. While the evidence for the petitioners tended to show that the stoves were ordered as a single transaction, and that making the written orders separate was a subterfuge to cover up the real transaction so that each contract would indicate an expenditure of less than $300, and apparently be within the law, nevertheless each side was supported by substantial evidence. It was a damaging circumstance against the directors that they contracted to pay $436 for stoves the market value of which was less than $148, and that the contracts or contract was promptly rescinded with Walker's consent when the taxpayers started this proceeding. However, this appeal is in the nature of a certiorari and we can examine the testimony only on the question of jurisdiction or to determine whether the court below abused its legal discretion.

The Court of Common Pleas of Columbia County consists of a president judge and two associate judges, the latter not being learned in the law. The three judges sat at the hearing of this case. The president judge filed an opinion, embracing certain findings, and stating, inter alia, "Taking into consideration all the facts and circumstances as disclosed by the pleadings and the testimony we find as a fact that there was neither a wilful nor an intentional failure on the part of the board to violate any of the provisions of Sec. 217 of the Code. It therefore follows that the rule should be discharged;" and entered a decree as follows: "And now, August 6, 1917, in accordance with the views herein expressed, the rule is discharged. The costs to be paid by the school district.

"CHARLES C. EVANS, P. J."

Later on the same day the associate judges entered the following decree: "And now August 6, 1917, after a full and complete hearing in open court and after due consideration thereof, the associate judges dissent from the

opinion of the president judge, filed in the above case, and find as a matter of fact that the action taken by the school directors of Conyngham Township at their meeting of May 15, 1917, in the purchase of stoves for an amount in excess of three hundred dollars, without first having given due public notice, upon proper terms, asking for competitive bids, was an intentional and wilful violation of the school code, and the rule granted in the above entitled case to oust the school directors, is made absolute and William J. Fennessey, Anthony Mohan, Hiram Watson, Martin Monahan and Richard Kane are hereby removed from their respective offices of school directors of Conyngham Township. The school district of Conyngham Township to pay the costs of these proceedings.                    "M. H. RHODES, A. J.

                              "CHAS. E. HAUCK, A. J.

                    "Associate Judges of Columbia Co."

From the latter decree the school directors brought this appeal.

We are all of the opinion that the decree made by the associate judges is the judgment of the court. Having been elected and commissioned as judges, they are members of the court entitled to sit as such and participate in the hearing and determination of matters brought before them. They constitute a majority of the court and may decide a case heard before the three judges against the opinion and dissent of the president judge, wherever it depends on questions of fact. See Reiber v. Boos et al., 110 Pa. 594, 598. That they may so grant or refuse liquor licenses is well settled: Branch's License, Beck's App., 164 Pa. 427; Sperring's License, 7 Pa. Superior Ct. 131.

In law there are no fractions of a day, and the fact that the associate judges in the present case filed their decree at a later hour than did the president judge is of no moment. A court may change its decision on the day it is rendered; so, treating the decree of the president judge as

that of the court, it was still subject to revision. A president judge cannot forestall the action of a majority of the court by filing his opinion first. However, the associate judges cannot overrule the president judge on a question of law and should never attempt to do so: Commonwealth v. Lenhart, 241 Pa. 129. But this case is one of fact, depending on the credibility of oral testimony so conflicting that men might naturally reach opposite conclusions, and hence one peculiarly proper for all the judges to consider. To hold lay judges incompetent to join in passing upon such questions would render it futile for them to sit with the president judge in any case.

The decisions, both of the president judge and of the associates, are based on the question of the integrity and good faith or otherwise of the school directors, and the suggestion that the case depends on the construction of the statute is not well taken. There is evidence to sustain the decree appealed from and it is not for us to pass upon the merits of the controversy.

The assignment of error is overruled and the appeal dismissed at the costs of appellants.