NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1643
_____

DIEGO GUERRERO-GERALDO,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A205-009-690)
Immigration Judge:  Steven A. Morley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2017

Before:  GREENAWAY JR., NYGAARD and FISHER, *Circuit Judges*.

(Filed: January 31, 2018)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Petitioner Diego Guerrero-Geraldo seeks review of a final decision issued by the Board of Immigration Appeals (BIA). The BIA upheld the Immigration Judge's denial of Petitioner's application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT). We will deny the petition.

I.

Petitioner is native and citizen of Mexico. He entered the United States without inspection in 2005. Petitioner is married with two biological children and two stepchildren. All four children are United States citizens.

After Petitioner was arrested for driving under the influence of alcohol in 2011, the Department of Homeland Security commenced removal proceedings, charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). At his initial master calendar hearing, Petitioner admitted all factual allegations and conceded removability. Petitioner then filed an application for asylum, withholding of removal, and protection under the CAT. In his application, he alleged membership in a particular social group (PSG), which he identified as: "Mexican men who have lived in the United States, have U.S. citizen children and are compelled to return to a life of poverty in Mexico . . . ."[1] The proposed PSG was later redefined at a pre-hearing conference. There, the Immigration Judge (IJ) stated on the record that the parties had "determined that the social group in this matter is returning Mexican citizens with [United States citizen] children who have lost touch with

_____

[1] A.R. 422.

2

their cultural identity and who are unwilling or unable to capitulate to the demands of narco traffickers and drug gangs in Mexico."[2] However, at the subsequent merits hearing, and again in a brief, Petitioner—now represented by a different attorney—confirmed that he was alleging membership in the original PSG, and not the revised version.

At the merits hearing, Petitioner testified that prior to coming to the United States to "better [himself] in the economic sense,"[3] he lived in Zimapán, Mexico, a town of approximately five thousand residents. He indicated that if he was removed, he would likely take his wife and children with him, but that he feared returning to Mexico because there had been "a lot of kidnappings" and "a lot of violence, in general."[4] He also stated that he did not want to take his kids to Mexico because he wanted to provide them with "a good education" and the opportunities that go along with living in the United States.[5] Testimony further revealed that Petitioner had six siblings currently residing in Mexico, including three who had returned to Mexico after living in the United States. Petitioner also had about thirty extended family members living in Zimapán. None of these relatives—including siblings who had returned to Zimapán with children born in the United States—had been "threatened" or "harmed in any way."[6]

---

[2] *Id.* at 112.
[3] *Id.* at 131.
[4] *Id.* at 132.
[5] *Id.* at 150.
[6] *Id.* at 147–48.

In addition to the alleged risk of kidnappings, Petitioner started to explain that one of his stepsons had been a victim of bullying. The IJ interrupted and asked "what relevance" this line of testimony had to Petitioner's "fears that [he] is going to have on return to Mexico."[7] Petitioner's attorney responded that the risk of persecution to the stepson—who was "a little bit fragile"—is "akin to persecution against the father."[8] The IJ directed Petitioner's attorney to "move forward in a new direction," stating that there was no "legal foundation" for the argument and no "cases that support" it.[9]

The IJ denied Petitioner's application, finding him removable as charged. The IJ denied the asylum application as time-barred,[10] ruled that Petitioner's proposed PSG was not cognizable because it lacked the requirements of immutability and particularity, and concluded that even if Petitioner had established membership in a cognizable PSG, he had failed to demonstrate a "clear probability that he would be harmed" on the basis of his purported membership.[11] The IJ also denied the CAT claim, because Petitioner had "failed to show that his return to [Mexico was] more likely than not to lead to his harm,

---

[7] *Id.* at 137.

[8] *Id.*

[9] *Id.* at 137–38.

[10] A one-year filing deadline applies to asylum applications. 8 C.F.R. § 208.4. Petitioner filed for asylum after expiration of the one-year deadline. None of the recognized exceptions applied.

[11] A.R. 66.

let alone torture," and because Petitioner "failed to show acquiescence or even willful blindness [attributable to] the government."[12]

Petitioner appealed to the BIA. The BIA dismissed the appeal, agreeing with the IJ's analysis. The BIA also determined that it was inappropriate to consider the revised proposed PSG on appeal, because it was not "meaningfully raised" before the IJ, and that the IJ properly limited testimony regarding potential harm to Petitioner's children.[13] Petitioner filed a timely petition for review in this Court.

II.

The BIA had appellate jurisdiction over the IJ's decision. 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review the BIA's final order. 8 U.S.C. § 1252(a)(1). Although we "[o]rdinarily . . . review decisions of the [BIA],"[14] we review both the IJ's and BIA's decisions where, as here, the BIA issued its own opinion that "invoke[d] specific aspects of the IJ's analysis and fact-finding in support of [its] conclusions."[15] "We review conclusions of law *de novo,* but give *Chevron* deference to the BIA's interpretation of the [INA]."[16] We review findings of fact under the deferential "substantial evidence" standard, under which such findings are "conclusive unless any reasonable adjudicator

---

[12] *Id*. at 67.
[13] *Id.* at 5.
[14] *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).
[15] *Green v. Att'y Gen.*, 694 F.3d 503, 506 (3d Cir. 2012) (alteration in original) (quoting *Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir. 2005)).
[16] *Id.* (citing *Sarango v. Att'y Gen.*, 651 F.3d 380, 383 (3d Cir. 2011)).

would be compelled to conclude to the contrary . . . ."[17] Lastly, Petitioner's allegations of

due process violations in the removal context are subject to *de novo* review.[18]

### III.

Petitioner raises two arguments regarding his withholding and CAT claims.[19]

First, he argues that the BIA erred in concluding that the second PSG was not

"meaningfully raised," and therefore inappropriate for consideration on appeal. Second,

Petitioner argues he was denied due process because the IJ prohibited him from entering

certain probative testimony regarding his stepson. We address these claims in turn.

### A.

The BIA declined to consider the second proposed PSG because Petitioner did not

raise it at the merits hearing, despite having several opportunities to clarify his position.

Petitioner now argues that there is little guidance on how to preserve issues for appeal in

the immigration context, and that the doctrine of waiver is flexible. According to

---

[17] *Sioe Tjen Wong v. Att'y Gen.*, 539 F.3d 225, 231 (3d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)).

[18] *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 (3d Cir. 2003).

[19] Petitioner fails to challenge the denial of his asylum claim as untimely. Accordingly, this argument is waived. *See Chen v. Ashcroft*, 381 F.3d 221, 235 (3d Cir. 2004). Even if it had been properly raised, however, this Court would lack jurisdiction to consider any "factual or discretionary determinations" regarding whether the claim was untimely, or if any exception to the one-year bar applied. *See Sukwanputra v. Gonzales*, 434 F.3d 627, 633–34 (3d Cir. 2006).

Petitioner, issues should be considered meaningfully raised unless they were "explicitly waived by the party at a subsequent hearing on the record."[20]

Ultimately, this Court need not address Petitioner's arguments regarding waiver; under either theory, he has failed to meet the standards applicable to withholding or CAT claims. To qualify for withholding, Petitioner must establish a "'clear probability,' that is, that 'it is more likely than not' that h[is] life or freedom would be threatened if returned to [his] country due to h[is] race, religion, nationality, membership in a particular social group, or political opinion."[21] And because there is no evidence of past persecution here, he must establish that "'it is more likely than not that he . . . would be persecuted' in the future on account of a protected characteristic if he were removed."[22] Even if (contrary to the IJ's and BIA's determinations) one or both of Petitioner's proposed PSGs are cognizable, he has failed to establish a "clear probability" of future persecution under either theory.

Petitioner testified that none of his siblings—including those who returned to Mexico with children born in the United States—faced any harm or persecution in Mexico. Nor had his extended family members living in Mexico ever been harmed. In cases like this, we have concluded that there was no error in rejecting future persecution

---

[20] Pet'r Br. at 15.

[21] *Kaita v. Att'y Gen.*, 522 F.3d 288, 296 (3d Cir. 2008) (quoting *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003)).

[22] *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 687 (3d Cir. 2015) (quoting 8 C.F.R. § 1208.16(b)(2)).

claims.[23] While Petitioner might face some risk upon return to Mexico, that risk falls well below the "clear probability" required. This finding is based on substantial evidence in the record, and it is independently dispositive of the withholding claim. The CAT claim fails for similar reasons—Petitioner has not shown that it is "more likely than not that he . . . would be tortured" if he returned to Mexico "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."[24]

B.

Petitioner next alleges the IJ violated his due process rights by cutting short testimony about the potential harm to his stepson (who had allegedly been a victim of bullying in the United States). The IJ determined that there was no legal basis for Petitioner's argument that persecution of his son could be imputed to him, and therefore asked Petitioner to move forward in another direction. The BIA agreed, noting that the IJ inquired about Petitioner's fears for his children, and also about Petitioner's nieces and nephews currently living in Mexico. Petitioner admitted that he wanted his children to "get a good education" in the United States, where they would have more opportunities.[25]

---

[23] *See Sioe Tjen Wong*, 539 F.3d at 236 (wellbeing of family members who remained in country of origin "underminin[ed] [petitioner's] claim to a well-founded fear of persecution"); *see also Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (same).
[24] *Kaita*, 522 F.3d at 300 (quoting *Zubeda*, 333 F.3d at 472).
[25] A.R. 150.

8

"Aliens are 'entitled to a full and fair hearing of [their] claims and a reasonable opportunity to present evidence.'"[26] To prevail on due process claims like the one Petitioner advances here, an alien must show "substantial prejudice."[27] Petitioner has failed to do so. Although the IJ did limit testimony regarding Petitioner's stepson that the IJ found to be irrelevant, this was properly within the IJ's discretion.[28] Importantly, Petitioner does not explain what evidence he would have provided regarding his stepson, if given the opportunity, that would have tended to establish "a fear of persecution or torture."[29] Thus, even accepting Petitioner's argument that potential harm to a child can be imputed to a parent, he fails to show how any additional testimony would establish a "clear probability" of persecution. Petitioner's remaining argument that the IJ's questioning improperly transformed him into the functional equivalent of counsel is

---

[26] *Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006) (alteration in original) (quoting *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 386 (3d Cir. 2001)).

[27] *Id.* (citing *Bonhometre v. Gonzales*, 414 F.3d 442, 448 (3d Cir. 2005)).

[28] *See id.* (finding no prejudice when IJ limited testimony that would not have established "past persecution" or a fear of future "persecution or torture"); *see also Ogayonne v. Mukasey*, 530 F.3d 514, 522 (7th Cir. 2008) (concluding that an IJ "can limit[] the extent of some testimony or frequently interrupt[] the applicant's presentation without violating due process . . . because such limitations serve to focus the proceedings and exclude irrelevant evidence") (alterations in original) (internal quotation marks and citations omitted).

[29] *Singh*, 432 F.3d at 541 ("[Petitioner] argues that he would have presented testimony . . . . to support his withholding and CAT claims, but nowhere suggests that such testimony would have tended to establish past persecution, or a fear of persecution or torture, nor that it would have been anything other than cumulative.")

without merit. As previously explained, the IJ properly exercised his discretion in questioning Petitioner, which Petitioner acknowledges was within the IJ's power.

Ultimately, the IJ's decision to limit additional testimony regarding Petitioner's stepson did not deprive Petitioner of a "full and fair hearing" in which he had a "reasonable opportunity to present evidence."[30] Because Petitioner has failed to establish prejudice, let alone substantial prejudice, his due process claim fails.

## IV.

For the reasons set forth above, we will deny Guerrero-Geraldo's petition.

---

[30] *Id.* at 541 (quoting *Chong,* 264 F.3d at 386).